Alfred J. Weiner, J.
In this paternity proceeding the infant respondent moves to dismiss the petition for lack of jurisdiction on two grounds:
1. that service of the summons was not properly made on an infant respondent pursuant to CPLR 309, and no guardian ad litem has been appointed for the respondent, pursuant to CPLR 1201.
2. service of the summons was not made pursuant to the provision of section 525 of the Family Court Act.
There appear to be no reported cases in New York dealing precisely with the question of the requirement of a guardian ad litem for an infant respondent in a paternity proceeding or any other Family Court proceeding.
Outside the State of New York there is some disagreement on the question. In jurisdictions in which bastardy proceedings have been considered as essentially civil in nature, it *585 has been held that a minor defendant must be represented by a guardian ad litem in such a proceeding. (Bielawski v. Burke, 121 Vt. 62; Easton v. Easton, 112 Me. 106; Halton v. State, 99 Okla. 92.)
In jurisdictions in which bastardy proceedings have been considered as being criminal in form, even though civil in effect, it has been held that a guardian ad litem need not be appointed for a minor defendant. (People ex rel. Schultz v. Wunsch, 198 Ill. App. 437; Durst v. Griffith, 43 Ohio App. 44.) It should be noted that only one of the cases cited above discussed the statutory law of the jurisdiction concerning bastardy proceedings. In Durst v. Griffith, the court noted that bastardy proceedings are essentially civil in nature but the section of the code requiring appointment of guardian ad litem for minors did not extend to special proceedings like bastardy.
However, in New York, filiation proceedings are governed by statute, namely, the Family Court Act. There is no requirement specifically set forth in that statute for appointment of a guardian ad litem for an infant respondent in such a proceeding.
Section 241 of Family Court Act clearly makes provision for the representation of ‘ ‘ minors who are the subject of family court proceedings ”. They should be represented by counsel of their own choosing or by Law Guardians. The statute goes further, by specifically defining the purpose of the law guardian, namely, that ‘ ‘ minors often require the assistance of counsel to help protect their interests and to help them express their wishes to the court”. These functions of a Law Guardian enunciated in section 241 are precisely the same functions of a guardian ad litem appointed to represent an infant in a civil action. (See Greenburg v. New York Cent. & Hudson Riv. R. R. Co., 210 N. Y. 505; Matter of Wechsler, 152 Misc. 564; Moore v. Flagg, 137 App. Div. 338; SCPA 404.)
If would therefore clearly appear that the intention of the Legislature in enacting sections 241 and 249 of the Family Court Act was to provide for representation of a minor in a Family Court proceeding by a Law Guardian or counsel of his own choosing and not by a guardian ad litem pursuant to CPLB.
In this case, the respondent was very ably represented throughout the entire proceeding by “ counsel of his own choosing” and therefore there was no necessity for the appointment of a Law Guardian in this matter.
*586 Service of a summons and petition on a respondent in a filiation proceeding, whether minor or not, is governed by sections 524 and 525 of the Family Court Act. Subdivision (a) of section 525 requires service of a summons and petition only upon the respondent. However, the second sentence of subdivision (a) of section 525 is significant. It states, “If so requested by one acting on behalf of the respondent or by a parent or other person legally responsible for his care, the court shall not proceed with the hearing or proceeding earlier than three days after such service ’ ’. This sentence appears to be directed primarily at a filiation proceeding in which the respondent is a minor. It therefore seems logical to assume in reading subdivision (a) of section 525 in its entirety, that it was not the intention of the Legislature to require service of a summons and complaint upon the guardian or parent of an infant respondent in a paternity proceeding. The first sentence of subdivision (a) clearly omits any reference to the representative of an infant respondent in setting forth the requirement of service. The second sentence, however, is clearly aimed at the representative of an infant respondent.
Respondent cites section 165 of the Family Court Act in support of his contention that CPLR 309 and 1201 apply to this proceeding. We cannot agree. Section 165 provides that where the Family Court Act does not provide for procedure, the provisions of the CPLR shall apply to the extent that they are appropriate to the proceeding involved. As we have noted herein, the Family Court Act clearly provides for the representation of a minor in a Family Court proceeding and for the proper service of that minor. Procedures of the CPLR, when applicable to the Family Court Act, are to be used as a working tool and not as an impediment to the functioning of the Family Court. (Matter of Schwarts v. Schwarts, 23 A D 2d 204.) Thus, the tolling of the Statute of Limitations for infancy set forth in the CPLR is not applicable to the Statute of Limitations in a paternity proceeding. (Matter of Howard v. Robinson, 32 A D 2d 837; CPLR 208; Family Ct. Act, § 517.) This court also makes a similar distinction in determining the method of service of process on an infant respondent in a paternity proceeding.
Accordingly, the court finds that a guardian ad litem is not required to be appointed for an infant respondent in a paternity proceeding pursuant to CPLR 1201, and in addition, CPLR 309 is not applicable to the service of a summons in said proceeding. Respondent’s motion to dismiss the petition *587 because service of summons was not made pursuant to CPLR 309 and 1201, is denied.
Respondent’s motion to dismiss because of improper service upon respondent is also denied. Although, .service of the summons herein may not have been in accordance with section 525 of the Family Court Act, respondent waived any jurisdictional defect by participating in the action on the merits, in that he made a demand for a change of venue and a bill of particulars. (See Dreskin v. Dreskin, 73 N. Y. S. 2d 764; 116 East 57th St. v. Cachules, 106 N. Y. S. 2d 586; Farmer v. National Life Assn. of Hartford, 138 N. Y. 265.)