OPINION OF THE COURT
Mortimer Getzels, J.
The guns have opened in a war over a 10-year-old child with a barrage of motions. Marcia Robinson Lowry, Esq., moves to *403 be appointed guardian ad litem for the child, Marilyn H., pursuant to CPLR article 12 or in the alternative that she be permitted to appear as independent counsel for the child pursuant to section 249 of the Family Court Act. The natural mother moves that the Brooklyn Bureau of Community Services (hereinafter referred to as the agency) be joined as a necessary party to the action pursuant to CPLR 1001 (subd [a]) or that it be joined as a party to the proceeding pursuant to CPLR 1002. The agency moves for a protective order against the foster parents’ judicial subpoena duces tecum for the production of the agency’s case files and records pertaining to the child and natural mother. Finally, the natural mother moves to strike the foster parents’ notice of deposition and notice to produce.
On May 29, 1978 this court appointed Marcia Robinson Lowry as guardian ad litem of the child, Marilyn H., to represent her in a foster care review proceeding which resulted in an order directing the agency to initiate proceedings to free Marilyn for adoption, or, in the alternative, authorizing the foster parents to initiate these proceedings. The agency having decided not to initiate such proceedings, the foster parents then filed a petition to terminate parental rights. Ms. Lowry now seeks an order renewing her previous appointment as guardian ad litem, in order that she may represent the child in the instant termination proceeding.
A guardian ad litem appointed by the court pursuant to CPLR article 12 performs the function of prosecuting or defending on behalf of an infant who is a party to a suit. (Kossar v State of New York, 13 Misc 2d 941, 943.) It has been held in a matrimonial action where the court was called upon not only to decide custody and visitation but also to make a "definitive declaration as to legal status of a child”, i.e., legitimacy, that due process required that the child be made a party (Roe v Roe, 49 Misc 2d 1070, 1076). (See, also, Adler v Adler, NYLJ, May 4, 1979, p 12, col 1, in which the court accorded full party status to a child who was the subject of a custody proceeding and appointed a guardian ad litem to represent her.)
The rationale of these cases is readily applicable here. The ultimate issue in a proceeding to terminate parental rights is whether the subject child should be given a new legal status. All rights may eventually be found to be subordinate to what is in her best interests. The court grants the child *404 status as a party whose interests should be protected by a guardian ad litem.
CPLR 1202 (subd [a]) provides that a guardian ad litem may be appointed by the court on its own initiation or upon motion of a relative, friend, or a guardian or committee of the property. The court deems Marcia Robinson Lowry a friend of the child and grants her motion to be appointed guardian ad litem.
The agency has continuously supervised the foster care of the child since August, 1969 when she was approximately two and one-half weeks old. It is privy to the transactions and occurrences involving the child, her natural mother and the foster parents, duly entered in the case records it maintained. Its presence in the proceedings is essential to a complete disposition. (See Teachers Coll. v Wolterding, 75 Misc 2d 465, revd on other grounds 77 Misc 2d 81.) Accordingly, the motion of the natural mother to join the agency as a party pursuant to CPLR 1002 is granted.
In determining the right to, and the extent of discovery by the foster parents, it must be borne in mind that the agency is now a party to a proceeding brought by the foster parents. CPLR 3120 (subd [b]), which requires a court order for discovery of the records of a nonparty, is no longer applicable. All material and necessary evidence is included in the scope of disclosure, which may be obtained on notice without leave of the court (CPLR 3101, 3102). The words "material and necessary” have been liberally construed to allow for broad pretrial discovery to assist in trial preparation. (Allen v Crowell-Collier Pub. Co., 21 NY2d 403.) If the court finds that disclosure of evidence will result in undue prejudice, embarrassment or disadvantage to a party, it may issue a protective order (CPLR 3103).
Section 384-b (subd 3, par [g]) of the Social Services Law provides that "[a]n order committing the guardianship and custody of a child pursuant to this section shall be granted only upon a finding that one or more of the grounds specified in paragraphs (a), (b) or (d) of subdivision four are based upon a fair preponderance of the evidence”. A permanently neglected child (Social Services Law, § 384-b, subd 4, par [d]) is defined in section 384-b (subd 7, par [a]) as "a child who is in the care of an authorized agency and whose parent or custodian has failed for a period of more than one year following the date such child came into the care of an authorized *405 agency substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency’s diligent efforts to encourage and strengthen the parental relationship when such efforts will not be detrimental to the best interests of the child.”
The foster parents as petitioners have the burden of establishing that Marilyn H. is a permanently neglected child within the statutory definition by a fair preponderance of the evidence. The scope of discovery allowed them should be commensurate with that burden, with the exception of material, which if disclosed, would result in embarrassment or prejudice to the natural mother.
In view of the foregoing the motion by the natural mother to strike the foster parents’ notice of deposition and notice to produce is denied. The agency’s motion for a protective order is disposed of as follows: the attorney for the foster parents may inspect material in the agency’s case records relating to (1) contacts and visitations between the natural mother and the child and descriptions of their relationship, (2) the natural mother’s planning for the future of the child, including her physical and financial ability to do so, and (3) the agency’s efforts to strengthen and encourage the parental relationship. Inspection is withheld of material relating to the natural mother’s psychological and emotional status and her fitness as a mother. Inspection is to proceed forthwith under the supervision of the court before a Law Assistant at the Family Court, 60 Lafayette Street, New York, New York. Documents, correspondence and portions of the case record pertinent to the allowed items may be photocopied. Counsel for the foster parents and the agency are to telephone Judith Mitchell, Esq., Law Assistant, at 374-8979 to make arrangements for the inspection.