■ In the Matter of LINDA F. FARGNOLI, Respondent, v DONALD FABER, Respondent. TONNI FABER et al., Appellants. — Appeal, by permission, from an order of the Family Court of Delaware County (Estes, J.), entered April 2, 1984, which, *inter alia,* denied the motion of the parties' minor children for substitution of counsel or, in the alternative, for the appointment of a guardian ad litem.

Movants are the two minor daughters of the parties to this proceeding, which was commenced by petitioner to resolve a bitter dispute over respondent's visitation rights. To protect the daughters' interests during the proceeding, a Law Guardian was appointed to represent them but, during the course of the proceeding, the daughters sought to substitute counsel of their own choosing, the Rural Legal Rights Foundation (the Foundation), for the Law Guardian, or, in the alternative, to have a staff attorney of the Foundation appointed as guardian ad litem for them. The Foundation further sought to disqualify respondent's attorney on the ground that he was previously involved in the merits of the case when he served as Family Court Judge of Delaware County.

In a well-drafted opinion, Family Court denied the motion to substitute the Foundation as the daughters' counsel because it appeared that petitioner had initiated and been involved in the Foundation's representation of the daughters, thereby interfering with the independent and impartial representation which must be afforded children in these situations. Family Court further refused to appoint the staff member as guardian ad litem because such an appointment was not appropriate in Family Court proceedings such as this. Family Court also, *inter alia,*

removed the Law Guardian, appointed a substitute Law Guardian, and enjoined the Foundation and petitioner from interfering with the representation provided to the daughters by the substituted Law Guardian. From the order entered thereon, the daughters appeal.[*]

Initially, Family Court properly denied the alternative motion to appoint the staff attorney of the Foundation as guardian ad litem for the daughters. It is evident that guardians ad litem should not normally be appointed when minors are the subject of proceedings in Family Court, but that Law Guardians or counsel of their own choice should represent the minors (see Family Ct Act, §§ 241, 249, subd [a]; Besharov, Practice Commentary, McKinney' Cons Laws of NY, Book 29A, Family Ct Act, § 241, p 188; see, also, *Matter of Anonymous v Anonymous,* 70 Misc 2d 584, 585).

We further conclude that Family Court properly denied the daughters' motion to substitute counsel of their own choosing for the Law Guardian. Children are entitled to independent representation in Family Court proceedings because their interests are at stake and because neither the parents, the parents' counsel, nor the court can properly represent the children's interest (see Family Ct Act, §§ 241, 249, subd [a]); *Borkowski v Borkowski,* 90 Misc 2d 957, 959-961). Thus, children involved in Family Court proceedings can be represented by counsel of their own choosing (Family Ct Act, §§ 241, 249, subd [a]) and even by counsel to whom they are merely referred by a parent (see *Doe v Doe,* 92 Misc 2d 184, 190). Parents may not, however, retain counsel for their children or become involved in the representation of their children because of the appearance or possibility of a conflict of interest or the likelihood that such interference will prevent the children's representation from being truly independent (see *Robert N. v Carol W.,* NYLJ, Sept. 30, 1983, p 15, col 6; Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act, § 249, p 202).

In this case, there is sufficient evidence to cast doubt on whether the Foundation can provide truly independent representation of the daughters' interests. Petitioner signed an authorization for release of records and information which indicates that the staff attorneys for the Foundation were her attorneys for at least some period of time. Furthermore, in a letter from a staff attorney for the Foundation dated February 21, 1984, petitioner was notified by the Foundation whether to attend a particular counseling session. Although petitioner, her

---

[*] Respondent has not appealed from so much of the order as disqualified his attorney and, thus, we do not address this aspect of the order.

attorney and the Foundation deny that the Foundation represented petitioner and assert that the Foundation can provide independent representation to the daughters, the apparent contacts between petitioner and the Foundation, as enumerated above, demonstrate, at a minimum, the appearance of a possible conflict of interest, which may infringe upon the independent representation to which the daughters are entitled. Thus, regardless of the precise relationship between the Foundation and petitioner, if any, this appearance of a possible conflict of interest warranted the prudent decision to deny the motion permitting the Foundation to be substituted as the daughters' counsel.

We further agree that the removal of the former Law Guardian and replacement with a new attorney to act as Law Guardian was wise. By providing the daughters with new representation untainted by the accusations and innuendo which seem to have thus far characterized this proceeding, we are hopeful that this matter can proceed to a prompt resolution designed to promote the best interest of the daughters.

Finally, we are of the view that Family Court had authority and grounds to enjoin the Foundation and petitioner from certain disparaging and disruptive communications concerning the daughters' representation by the Law Guardian. There is evidence that petitioner acted in a manner that reflected adversely upon the former Law Guardian and might have undermined his representation of the daughters. There is further evidence, as discussed above, of the appearance of a possible conflict of interest on the part of the Foundation. Family Court was, thus, concerned that the daughters' right to independent representation in this proceeding might be affected by further communications from the Foundation and/or petitioner. Accordingly, an injunction was permissible (see CPLR 6301). Inasmuch as the injunction is narrowly directed and proscribes only certain communications which would be improper in any event (see *Robert N. v Carol W.*, NYLJ, Sept. 30, 1983, p 15, col 6, *supra*; Code of Professional Responsibility, EC 7-37), we are satisfied that no First Amendment rights have been infringed.

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.