OPINION OF THE COURT
Sara P. Schechter, J.
Respondent father in this custody dispute moves, inter alia, *241 for appointment of a Law Guardian for the children. At the initial court appearance the court had assigned the New York Society for Prevention of Cruelty to Children, hereinafter SPCC, as guardian ad litem for the two children, ages seven and nine, but did not assign a Law Guardian pursuant to Family Court Act §249. Since the appointment of a Law Guardian in a custody proceeding is discretionary with the court (Family Ct Act §249), the court must decide whether such representation would add in any meaningful way to that already being provided by SPCC.
A child who is the subject of a custody proceeding may require a variety of services: investigation of the family’s circumstances, mediation of the dispute when appropriate, communication of age-appropriate information concerning the litigation, moral support and legal representation during the litigation. From county to county these needs are addressed in various ways, depending on the resources available in a particular locality. The Probation Department, the Juvenile Rights Division of the Legal Aid Society, 18-B panel attorneys, social services agencies and children’s advocacy groups are often utilized in various combinations.
In New York County, SPCC is often assigned by the court in custody proceedings because the agency, which employs field investigators, court liaisons and attorneys, offers all the aforementioned services in a coordinated fashion and is, moreover, a statutorily constituted child protective agency, with authority to file petitions pursuant to Family Court Act article 10, should the investigation uncover evidence of child abuse or neglect. (Family Ct Act § 1032.)[1]
Although New York statutes mandate neither a "guardian ad litem” nor a "Law Guardian” in custody cases, recognition of the child as a person rather than chattel, requires that the child’s position be distinguished and asserted independently of the battling adults. (Matter of O’Shea v Brennan, 88 Misc 2d 233 [Sup Ct, Queens County 1976]; Borkowski v Borkowski, 90 Misc 2d 957 [Sup Ct, Steuben County 1977]; Matter of Marilyn H., 100 Misc 2d 402 [Fam Ct, NY County 1979]; Foster and *242 Freed, Child Custody and the Adversary Process: Forum Conveniens?, 17 Fam LQ 133 [1983]; Eitzen, A Child’s Right to Independent Legal Representation in a Custody Dispute, 19 Fam Law Q 53 [1985].) The question is not whether, but rather, how to make the child’s voice heard in the proceedings.
Although in some cases the child’s point of view will emerge sufficiently in the investigations performed by court-appointed probation officers or psychologists, in most cases it is preferable, often essential, to appoint a representative for the child who can participate fully in all stages of the litigation process.[2] Among the various jurisdictions which have recognized this need, there is no consensus as to what to call the child’s representative, nor is there even agreement concerning which functions — investigative, advocacy, etc. — go with which label. (See, Eitzen, op. cit.; Foster and Freed, op. cit., for a summary of the diverse statutes.)
The term "guardian ad litem” is not statutorily defined in New York. Classically a guardian ad litem for one under a disability functions as the litigant would function were it not for the disability. Where the disability is infancy, therefore, the guardian ad litem does what the child would presumably do if she were an adult — select, retain and supervise counsel, gather factual information, and generally assist counsel in the preparation of the case. (See, Horowitz and Davidson, Legal Rights of Children § 3.03 [1984].) In custody cases, there has traditionally been an association of the investigative function with the role of guardian ad litem. (See, Braiman v Braiman, 44 NY2d 584, 591 [1978], where the court recommends appointment of a guardian ad litem "who would be charged with the responsibility of close investigation and exploration of the truth”.)
The term "Law Guardian” is defined only as "an attorney admitted to practice law in the state of New York” (Family Ct Act § 242). The Law Guardian’s functions are to provide assistance of counsel to help protect the "interests” of minors who are the subject of Family Court proceedings and "to help them express their wishes to the court.” (Family Ct Act § 241.) *243 That the fulfillment of this role often requires some factual investigation is obvious. It is equally obvious that when the child subject of the proceeding is very young, the function of the Law Guardian can differ little from that of the guardian ad litem: "In some cases involving children incapable of considered judgment, the lawyer must facilitate full presentation of adequate and reliable evidence, essentially remaining neutral as to the outcome, but filling critical gaps in the case as portrayed by petitioner and respondent so that the court can make a more informed judgment.” (Practice Note: In the Matter of Jennifer G., 11 J.R.D. Newsletter 15,18 [Mar. 1985].) Where the case involves a young child, therefore, and where the Law Guardian has access to investigative services, or where, as here, the guardian ad litem can readily provide an attorney, the service rendered to the child by either will be essentially the same.
The question remains whether there is a significant distinction in the type of legal representation provided by the two types of representatives in a custody case involving older children. SPCC contends that it is the proper function of the guardian ad litem to advocate for the child’s best interests, whereas the Law Guardian is said to be ethically bound to assert the child’s wishes, even when they may be at variance with the best interests.[3]
The Juvenile Rights Division of the Legal Aid Society does take the position that the "best interests” of the child are properly left to the determination of the court, while the "interests” which the Law Guardian is charged by Family Court Act § 241 to protect "may be quite distinct from what the court ultimately adjudges to be in the child’s best interest.” (J.R.D. Newsletter, op. cit., at 16.) That a Law Guardian may properly form and assert a position wholly divergent from that ultimately articulated by the trial court or an appellate court is a proposition which this court heartily indorses. It does not follow, however, that the child-client should dictate what that position will be.
The extent to which the child’s wishes should influence the formulation of the position must vary according to the maturity, intelligence and emotional stability of the child in ques *244 tion. Where the child is a teen-ager of reasonably sound judgment, either a Law Guardian or a guardian ad litem would be very likely to advocate for the outcome the child prefers, and properly so, since the wishes of a mature youngster also carry greater weight with the court than those of a younger child. (Eschbach v Eschbach, 56 NY2d 167 [1982].) Although the Law Guardian might see this course as arising out of the attorney-client relationship, whereas the guardian ad litem would see it in terms of a diminution of the disability of infancy, the effect on the case would be the same.
The problem arises with regard to children, like the seven and nine-year-old subjects of the instant proceeding, who are of borderline maturity. SPCC as the "guardian ad litem” will make an assessment of the child’s best interests and assert that position in the litigation and urge it upon the court as a recommendation, although obviously not with the expectation of substituting its judgment for that of the court. Although a "Law Guardian” would make a similar assessment, the Law Guardian might arguably feel obligated to assert the position in the case which the child desires, and asserting a position in a litigation involves much more than merely expressing the child’s wishes to the court. Indeed, it is obvious that a primary duty of a guardian ad litem is to make the child’s wishes known to the court, since a major component of the disability of infancy is the inability of a child to express himself adequately in words. Thus, through either a guardian ad litem or Law Guardian the child’s wishes should be communicated to the court.
The posture of the child’s representative — neutral, pro-petitioner or pro-respondent — affects his handling of the case at every stage, however, from settlement negotiations to closing statements and possible appeal. If it were to be assumed that the proper function of a "Law Guardian” is to advocate for the wishes of any child old enough to express them, then a "guardian ad litem” would be a preferable representative for a child of borderline maturity in a custody proceeding. The classically "pure” advocacy that a Law Guardian would provide in a delinquency proceeding, for example, is simply not possible in a situation where the client is not possessed of all the facts, is not present in the courtroom and where, moreover, it might be emotionally damaging for the child to learn the entire truth about the parents.
An endless number of situations come to mind when flexibility would benefit the child more than would rigid adherence *245 to his wishes. For example, the child’s representative may ascertain that the child’s position in a particular case has such a slight chance of prevailing after trial that it would be preferable to agree to a settlement which displeases the child, but which includes concessions (such as timing of change of custody, visitation, continuation in same school or therapy) which could only be obtained through negotiations.
There is also the troubling question of whether in a custody case a “Law Guardian”, in the effort to have a particular position prevail, should attempt, albeit by perfectly legal means, to suppress or withhold information which could be relevant to the court’s determination of the child’s best interests, when such evidence runs contrary to the result the child desires. Although we would not anticipate that any Law Guardian would fail to put before the court evidence of neglect or abuse which would be cognizable under Family Court Act article 10,[4] there is much else which the court would want to know which might be unknown to the adult parties or which they might both choose to withhold for their own reasons. To uncover and offer such evidence is an important part of the role of the child’s representative in a custody proceeding. (Borkowski v Borkowski, 90 Misc 2d 957, supra.) Zealous advocacy should never be permitted to interfere with this crucial function.
There is nothing in the statutes nor in case law, however, which says that a Law Guardian in a custody proceeding should advocate for the child’s wishes at the expense of his over-all interests or at the expense of a full presentation of the facts. The canons of ethics provide that where a client is under a disability, which all minors are to a greater or lesser extent, “the lawyer should consider all circumstances then prevailing and act with care to safeguard and advance the interests of his client.” (Code of Professional Responsibility, EC 7-12.) Interpreted in this light the role of the child’s representative, whether called “Law Guardian” or "guardian ad litem”, is to bring a mature judgment to the situation and to provide or arrange for the provision of the manifold services required by a child who is the subject of a custody proceeding. (See, Matter of Anonymous v Anonymous, 70 Misc *246 2d 584 [Rockland County 1972], holding that the duties of a Law Guardian are conterminous with those of a guardian ad litem in representing a minor who is a respondent in a paternity proceeding.) What is of the utmost importance is that the child’s representation, whether provided by a "Law Guardian” or "guardian ad litem”, be absolutely independent of any influence from either parent, from other family members or from persons who would seek to use the litigation to promote a cause. (Matter of Fargnoli v Faber, 105 AD2d 523 [3d Dept 1984]; Robert N v Carol W, NYLJ, Sept. 30, 1983, p 15, col 6; Matter of Roxanne F., 79 AD2d 505 [1st Dept 1980].)
For the reasons stated herein, we find that the children’s need for representation is being adequately met by SPCC as guardian ad litem, and the application for the appointment of a Law Guardian is, therefore, denied.

. In New York City attorneys from the Juvenile Rights Division of the Legal Aid Society, who usually serve as Law Guardians in proceedings pursuant to Family Court Act articles 3, 7 and 10, prefer not to be assigned to routine custody cases because they are seriously overburdened by their case load of mandated cases. They do accept assignment in special circumstances, however, for example, where they have previously represented the subject child in prior proceedings.

. The question of whether the child who is the subject of a proceeding should be regarded as having full party status, which would bear upon the child’s rights to discovery, to veto proposed settlements and to appeal, as well as to have legal representation, is not before the court in the present case, since neither of the adult parties is seeking to curtail rights which the child would enjoy as a party.

. A discrepancy between the child’s wishes and best interests may also occur in cases other than custody proceedings. A New Hampshire court, for example, has found that guardians ad litem should be appointed in addition to appointed defense counsel in certain children in need of services (CHINS) cases. (In re Lisa G., — NJ —, 504 A2d 1.)

. According to the Practice Commentary, "most observers agree that the Law Guardian has the 'duty to disclose’ information concerning the abuse or neglect of his or her young client.” (Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 241, pp 194-195.)