OPINION OF THE COURT
Karen K. Peters, J.
By papers received on July 12, 1990 respondent has moved by order to show cause for an order relieving and replacing the current Law Guardian, Jacqueline A. Olivet, Esq., from representing the minor child Nina G. in this proceeding.
*585 This proceeding stems from petitions filed in this court on May 1, 1990 by the Ulster County Department of Social Services pursuant to article 10 of the Family Court Act alleging that the respondent, Sandy (Oliver) G., abused and neglected the minor children, Jennifer M. (date of birth July 1977) and Nina G. (date of birth Jan. 1986), for a period ranging from January 1986 through January 1990. The petitions allege specific acts occurring solely between respondent and his stepdaughter, Jennifer M. Yet, since respondent’s natural daughter, Nina G., resided in the same household during the time that these incidents allegedly occurred to Jennifer M. and since there are allegations that Nina G. was not only in the same bedroom when respondent allegedly touched Jennifer on sexual parts but also in the same bed, petitioner included the respondent’s natural daughter, Nina G., as a subject of these petitions. Petitioner therefore urges a derivative finding of abuse and/or neglect of Nina G. pursuant to section 1046 of the Family Court Act.
By letter dated May 2, 1990, this court appointed Jacqueline A. Olivet, Esq. as Law Guardian for the two minor children. By order to show cause, received July 12, 1990, respondent, by his attorney, Jack Weiner, moved to have Ms. Olivet relieved and replaced as Law Guardian for Nina G., "because there exists an apparent, and a real, conflict of interest between the two children which makes it improper for one attorney to represent both.”* Mr. Weiner states that the apparent conflict centers on "the fact that Jennifer g is not the natural daughter of respondent, whereas nina g is.”
Ms. Jacqueline Olivet submitted papers in opposition to the application to have her relieved as Law Guardian. Therein she contends that notwithstanding the fact that one of the children is not the natural child of respondent, they are sisters to each other and both had been adequately represented by her throughout this proceeding. Ms. Olivet challenged Mr. Weiner’s position that "there is an automatic distinction or difference of what is in Nina’s and Jennifer’s interest because they do not have the same father even though they were living in the same household as the respondent.” Ms. Olivet contends *586 that should respondent be found to have sexually abused Jennifer "there is much proof that the person who is found to abuse one child in the household potentially has the ability to abuse in the future another child of the same household, whether related or not.” After perusing the Law Guardian representation standards and conducting extensive research into this issue, Ms. Olivet asserts that if a Law Guardian can exercise independent professional judgment on behalf of each client and if each client’s interests do not pose any real or apparent conflict of interest in the position asserted on behalf of each child, individual Law Guardians should not be appointed simply because the children have different fathers.
No papers were submitted in support of or in opposition to this application by the Department of Social Services.
This court has reviewed all memoranda of law submitted by counsel and has conducted extensive legal research into the propriety of appointing separate Law Guardians in Family Court Act article 10 proceedings when the children have different parentage. Surprisingly, there is a dearth of case law on this issue.
As culled by Judge Schechter in Matter of Scott L. v Bruce N. (134 Misc 2d 240 [NY County 1986]), which compared the role of a Law Guardian to a guardian ad litem, "The Law Guardian’s functions are to provide assistance of counsel to help protect the 'interests’ of minors who are the subject of Family Court proceedings and 'to help them express their wishes to the court.’ * * * 'In some cases involving children incapable of considered judgment, the lawyer must facilitate full presentation of adequate and reliable evidence, essentially remaining neutral as to the outcome, but filling critical gaps in the case as portrayed by petitioner and respondent so that the court can make a more informed judgment’ ” (supra, at 242-243).
As noted by Douglas J. Besharov in the Practice Commentary to section 241 of the Family Court Act, which mandates that minors who are the subject of Family Court proceedings be represented by private counsel or Law Guardians, "Further complicating the position of the Law Guardian in Article 10 proceedings is the fact that he may be called upon to represent two, three, four, or as many as ten or fifteen children from the same family — some of whom may have conflicting attitudes or interests concerning the proceeding. For example, one or two children may be the targets of physical battering *587 while the others are comparatively well cared for. Or, the older children may have weathered the storm of parental inadequacy in their earlier years and now may be ready or almost ready to leave the home. For them, it may be in their best interests for a finding of neglect not to be made so that they can get about the business of entering adult society. For the younger brothers or sisters, however, their best interests, and indeed, their very safety and lives, may depend upon a fact-finding, an adjudication, and a proper order of disposition. And yet, while almost all Family Courts make provision for the individual representation of children in Article 7 proceedings, individual representation of children in Article 10 proceedings is still unusual.” (Besharov, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 241, at 194.)
In the case before this court, there are minors aged 13 and 4. There are allegations of abuse concerning the 13-year-old stepdaughter in the presence or in the immediate proximity of the 4-year-old natural daughter of respondent. Although the 13 year old has expressed a clear desire not to have contact with the respondent, the four year old has allegedly expressed a sincere desire for visitation. In balancing not only the legal rights of respondent’s 4-year-old natural daughter but also the child’s general welfare in advocating that no visitation be permitted until court-ordered psychological evaluations be completed, this court finds that the Law Guardian has dutifully assumed her role as " 'wise parent’ ”. (See, Besharov, Practice Commentary, op. cit., at 183.) "The extent to which the child’s wishes should influence the formulation of the position must vary according to the maturity, intelligence and emotional stability of the child in question. Where the child is a teen-ager of reasonably sound judgment * * * a Law Guardian * * * would be very likely to advocate for the outcome the child prefers, and properly so, since the wishes of a mature youngster also carry greater weight with the court than those of a younger child.” (Matter of Scott L. v Bruce N., supra, 134 Misc 2d, at 243-244.)
Clearly, the instant case is not a case where there are two children of different parentage having the age, maturity and intelligence to make reasonably sound judgments. Clearly, this is not a case where such children are of reasonably sound judgment and advocating positions adverse to each other. Clearly, this does not appear to be a case where one of such children was sheltered from the circumstances or environment *588 in which the allegations of abuse allegedly occurred. Clearly, this is not a case where the older child in the household has already “weathered the storm of parental inadequacy” (Besharov, Practice Commentary, op. cit., at 194) and is now ready to proceed into adulthood and leave home, only to be further stifled by the inclusion in a proceeding charging neglect or abuse by a parent. It is in those factual circumstances that this court would consider departing from its practice of appointing one Law Guardian in article 10 proceedings to represent all of the minor children from one family when such children had different parentage.
Here, there are allegations of actual abuse against the older of the two minor children while in a household and in circumstances where the four year old was continuously present. That younger child, being of the same household and exposed to the same set of circumstances as the older child, shares similar interests to the older child whether related by blood or not.
Accordingly, after a review of the record and the Law Guardian’s assertion that no conflict of interest in the minors’ positions have arisen as of the time, this court finds that the Law Guardian has exercised independent professional judgment on behalf of each of her clients, and will, therefore, deny respondent’s motion for the appointment of an additional Law Guardian.

 Respondent also requests this court to issue an order allowing visitation to occur between Nina G. and respondent. Since this court has issued an order, dated August 6, 1990, directing Dr. Rick Carlson to evaluate whether visitation between Nina G. and respondent is in the child’s best interests, this court will not decide the issue of visitation until the written result of the aforementioned evaluation is received and reviewed by all parties.