OPINION OF THE COURT
Leslie E. Stein, J.
Plaintiff commenced the instant action seeking compensatory and punitive damages resulting from defendant’s alleged harassment, annoyance, defamation and intimidation of plaintiff, among other things. Defendant answered, denying the material allegations of the complaint and asserting the following affirmative defenses: that he is assigned as a law guardian for plaintiff’s children by order of the Greene County Family Court and, therefore, that he is entitled to absolute immunity; and that this action is frivolous and intended to harass and annoy defendant, as the Family Court proceeding is still pending. Defendant demands $10,000 in sanctions, as well as costs and disbursements.
Defendant now moves by order to show cause to dismiss the action on the ground of absolute immunity (citing Cok v Cosentino, 876 F2d 1, and other federal court decisions). He further argues that plaintiff’s complaint fails to state a cause of action and fails to allege any facts demonstrating that plaintiff is entitled to relief in a court of law. Defendant alleges that, to the extent that any remedy exists for plaintiff, it lies in the Family Court, where the underlying action is pending, and argues that plaintiff should not be permitted to “forum shop.”
In his affidavit in response, plaintiff argues that the Cok case is inapplicable to the instant action because the guardian ad litem in that case was appointed only after the parties could not agree on custody, not as a matter of course as is done in *528 New York State courts. He further argues that the guardian ad litem in the Cok case was afforded immunity because he followed only court directives. Plaintiff argues that defendant herein has purposely failed to comply with his duties and responsibilities as required by the Law Guardian Representation Standards,. Volume II: Custody Cases, that defendant’s actions constitute negligence and/or intentional torts and, therefore, that Supreme Court is the appropriate venue.
This case presents an issue not previously addressed by the courts: whether a law guardian for a child in a custody proceeding enjoys immunity from causes of action other than negligence/malpractice brought by the child’s parent. For the reasons set forth hereinbelow, this court holds that a law guardian in the circumstances described has quasi-judicial immunity from civil liability for conduct directly relating to the performance of the law guardian’s duty to further the best interests of the children.
Preliminarily, this court notes that the rule which provides that “ ‘|jJudges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly’ ” has “ ‘a deep root in the common law’ ” (Murray v Brancato, 290 NY 52, 55, citing Bradley v Fisher, 13 Wall 335, 351, and Yates v Lansing, 5 Johns 282, 291).
It is also well settled that “[t]he same policies which underlie the grant of absolute judicial immunity to judges justify the grant of immunity to those conducting activities intimately related to the judicial process” (Ashbrook v Hoffman, 617 F2d 474, 476). Thus, it has been held that “nonjudicial persons who fulfill quasi-judicial functions intimately related to the judicial process have absolute immunity for damage claims arising from their performance of the delegated functions” (Myers v Morris, 810 F2d 1437, 1466-1467 [citations omitted], cert denied 484 US 828).
Based upon the foregoing, it has long been established that immunity from liability for damages attaches to particular functions and that, in determining whether or not a party has such immunity, it is necessary to analyze the nature of the duties performed and whether they are closely related to the judicial process (see, Cok v Cosentino, 876 F2d 1, 6). In addition, courts have attempted “to evaluate the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions” (Billups v Scott, *529 253 Neb 287, 290, 571 NW2d 603, 605, citing Forrester v White, 484 US 219) and “to extend absolute immunity to various individuals whose * * * involvement with the judicial process ha[s] been deemed to warrant protection from harassment, intimidation or other interference with impartial decision making” (State ex rel. Bird v Weinstock, 864 SW2d 376, 382 [Mo] [citations omitted]).
As noted above, the Cok case concerned a guardian ad litem. A thorough search by this court revealed numerous cases throughout this country holding that a guardian ad litem is entitled to quasi-judicial immunity (see, e.g., State ex rel. Bird v Weinstock, supra; Billups v Scott, supra; West v Osborne, 108 Wash App 764, 34 P3d 816; Perigo v Wiseman, 11 P3d 217 [Okla]) and a couple of cases in New York State addressing the issues of immunity, standing and/or standards for determining liability with respect to law guardians in legal malpractice actions (see, Bluntt v O’Connor, 291 AD2d 106; Marquez v Presbyterian Hosp. in City of N.Y., 159 Misc 2d 617), as well as several cases concerning the role of a law guardian, generally (see, Matter of Nathaniel T., 67 NY2d 838; Matter of Rebecca B., 227 AD2d 315; Matter of Scott L. v Bruce N., 134 Misc 2d 240; Matter of Anonymous v Anonymous, 70 Misc 2d 584). However, this court found no precedent, in New York State or otherwise, directly on point as to whether or not a law guardian is immune from civil liability with respect to the conduct alleged in this case. Accordingly, in making its determination, this court has reviewed the law concerning the roles of a guardian ad litem and of a law guardian, in general, and the policies behind judicial immunity.
In this regard, Family Court Act § 241 provides, in pertinent part, as follows:
“This act declares that minors who are the subject of family court proceedings * * * should be represented by counsel of their own choosing or by law guardians. This declaration is based on a finding that counsel is often indispensable to a practical realization of due process of law and may be helpful in making reasoned determinations of fact and proper orders of disposition. This part establishes a system of law guardians for minors who often require the assistance of counsel to help protect their interests and to help them express their wishes to the court * * (Emphasis added.)
Family Court Act § 242 then defines a law guardian as “an at *530 torney admitted to practice law in the state of New York and designated under this part to represent minors * *
The precise role of a law guardian pursuant to these statutes has been the subject of considerable ongoing debate. It has frequently been described as a “dual role as advocate for and guardian of the subject child” (Matter of Rebecca B., supra at 315 [citations omitted]; see also, Matter of Scott L., supra). Thus, in some cases, it is referred to as one of protecting and representing the interests of children (see, Matter of Nathaniel T., supra at 842) and, in other cases, of helping children express their wishes to the court (see, Family Ct Act § 241; Matter of Scott L., supra). It has also been noted that an important function in furtherance of the law guardian’s role in a child custody proceeding is to uncover and offer evidence which adults might choose to withhold from the court (see, Matter of Scott L., supra at 245).
Several courts have held that “[t]hese functions of a Law Guardian enunciated in section 241 are precisely the same functions of a guardian ad litem appointed to represent an infant in a civil action” (Matter of Anonymous, supra at 585; see also, Matter of Scott L., supra). However, this court agrees with the analysis of the Court in Bluntt v O’Connor (supra), and finds that such a conclusion is not so clear. In reviewing the law of sister states regarding immunity of court-appointed representatives of children in custody disputes, the Appellate Division, Fourth Department, noted that courts have generally “analyzed the function performed by the representative to ascertain whether the representative is primarily an aid to the court in determining the best interests of the child or an advocate for the child in articulating the child’s wishes” (Bluntt v O’Connor, supra at 116-117 [citations omitted]). That Court recognized that “[t]he line is not always easily drawn” (id. at 117).
This court observes that the courts in many of the other states which have ruled on the question of immunity of guardians ad litem have statutory provisions defining the role of the guardian ad litem. Moreover, when determining that guardians ad litem are entitled to immunity, most states appear to rely on the fact that they function primarily as an arm of the court (see, e.g., West v Osborne, supra), with a duty to the appointing court, not strictly to the child client. Thus, the courts in those states have noted that the function of a guardian ad litem is to make an investigation in order to determine the child’s best interests and that the child’s wishes are but one *531 factor to be considered (see, e.g., Kahre v Kahre, 916 P2d 1355 [Okla]) and have distinguished the role of an attorney as counsel from the role of a guardian ad litem, indicating that the latter “generally speaking, steps into the position of the ward and * * * asserts the right of the ward as the guardian ad litem sees fit” (Billups v Scott, supra at 290).
In addition, in some instances, the applicable statutes define different roles for the guardian ad litem in different circumstances. In Texas, for example, a guardian ad litem may be appointed as a personal representative and advocate for the interests of the minor under one statute or may be appointed to act as an “extension of the court” under another statute (Delcourt v Silverman, 919 SW2d 777 [Tex]). In Delcourt, the court held that the former would not enjoy immunity, while the latter would.
In other states, such as Missouri, the statute prescribes a dual role, much like Family Court Act § 241. Specifically, the Missouri statute requires the guardian ad litem to be a legal representative of the child at the hearing and to conduct any necessary interviews to determine the child’s wishes, among other things, prior to the hearing. In State ex rel. Bird v Weinstock (supra) the court noted that, despite such a dual role, “it is imperative that the guardian ad litem investigate and present its perspective to the trial judge, thereby enabling the court to render a decision in accordance with the statutory standard of ‘best interests of the child’ ” (id. at 385). Thus, the court determined that guardians ad litem function “in a quasi-judicial capacity as an agent of the court” (id.) and concluded that they are immune from liability for negligence in the performance of their duties.
Similarly, the Supreme Court of New Mexico held that:
“a guardian ad litem, appointed in connection with court approval of a settlement involving a minor, is absolutely immune from liability for his or her actions taken pursuant to the appointment, provided that the appointment contemplates investigation on behalf of the court into the fairness and reasonableness of the settlement in its effect on the minor. We also hold, however, that if the guardian’s appointment does not contemplate actions on behalf of the court but instead representation of the minor as an advocate, or if the guardian departs from the scope of appointment as a functionary of the court and instead assumes the role of a private advocate for *532 the child’s position, then the guardian is not immune and may be held liable under ordinary principles of malpractice” (Collins v Tabet, 111 NM 391, 395, 806 P2d 40, 44 [emphasis added]).
Despite that holding, the court further stated that a guardian ad litem who fulfills primarily an advocate’s role might be entitled to some form of immunity, such as when the guardian ad litem is appointed pursuant to the applicable statute to represent a child in a custody dispute (see, id., 111 NM at 402, 806 P2d at 51).
Having considered all of the above, this court concludes that a law guardian appointed pursuant to Family Court Act § 241 in a custody case, such as in the case at bar, is not strictly an arm of the court but, rather, has the hybrid role of attorney/ advocate and investigator/proponent of the child’s best interests. The balancing of those roles in a particular case may well depend on the age(s) and maturity of the child(ren)[1] and the other circumstances of the case (see, Marquez v Presbyterian Hosp., supra). However, the roles are so intertwined as to warrant treatment of the law guardian for immunity purposes in the same manner as a guardian ad litem whose role is to promote the best interests of the child.
Nevertheless, the inquiry does not end there. In making a determination as to whether the law guardian in the instant matter is entitled to immunity with respect to the causes of action set forth in the complaint, it is also necessary to consider the nature of plaintiffs claims and the policies behind the doctrine of immunity as they relate to those claims. The complaint sets forth two causes of action. The first includes the following allegations[2] concerning defendant’s conduct, causing harm to plaintiff:
1. engaging in deliberate acts “meant solely to Harass, Annoy, Defame, and Intimidate Plaintiff’;
2. abuse of power as an officer of the court, violation of the Code of Professional Responsibility, and professional misconduct;
3. delivering a letter to plaintiff indicating that plaintiff was to contact defendant, “under conditions which were harmful to Plaintiff and to Plaintiffs minor children”;
*533 4. advising plaintiffs former wife to file a petition with the Greene County Family Court for sole custody of plaintiffs minor children;
5. causing to be delivered to plaintiff a temporary order granting sole custody of plaintiffs children to Lorraine M. Bradt;[3]
6. causing a letter to be delivered to plaintiff “with the sole intention of Harassing, Annoying, and Intimidating Plaintiff”;
7. delivering false testimony to the Greene County Family Court on three occasions;
8. delivering testimony to the Greene County Family Court, indicating that defendant represented plaintiffs former wife;
9. wilfully violating an order of the Greene County Family Court;
10. engaging in ex parte communications with the Greene County Family Court;
11. placing a call to plaintiffs residence “solely to Harass, Annoy, Defame and Intimidate Plaintiff”; and
12. sending an unsigned and false court order to a psychiatrist employed by plaintiff to provide an evaluation of plaintiffs children.
The second cause of action alleges simply that defendant “did wantonly and purposefully Harass, Annoy, Defame, and Intimidate Plaintiff.”
While some of the allegations set forth above are not specific enough to enable this court to ascertain their precise nature, it does not appear, in contrast to most of the cases previously discussed in this opinion, that plaintiff seeks damages for himself or on behalf of his children resulting from defendant’s negligence or legal malpractice.[4] Rather, it appears that plaintiff seeks damages for himself, only, as a result of alleged conduct by defendant in the nature of a breach of ethics, violations of penal laws or intentional torts.
*534 Regarding the policies behind quasi-judicial immunity, it has been recognized, on the one hand, that a law guardian “must also be able to function without the worry of possible later harassment and intimidation from dissatisfied parents” (Ward v San Diego County Dept. of Social Servs., 691 F Supp 238, 240 [citations omitted]).
Similarly, the Supreme Court of Wisconsin has stated that a guardian ad litem:
“must be allowed to independently consider the facts of a case and advocate the best interests of the child, free from the threat of harassment for retaliatory litigation. Opening the door to negligence liability * * * would likely result in a decline in the number of attorneys willing to serve as GALs in child custody proceedings. In addition, fear of liability could warp the judgment of those GALs who are appointed toward the appeasement of disappointed parents or children and away from protecting the best interests of the child” (Paige K.B. v Molepske, 219 Wis 2d 418, 433-434, 580 NW2d 289, 296, citing Short v Short, 730 F Supp 1037, 1039).
That court further stated that,
“without the assistance and impartial judgment of a GAL, the [trial] court would have no practical or effective means to assure itself that all of the essential facts have been presented untainted by the self-interest of the parents and children * * * Absolute immunity is necessary in this case to avoid the harassment and intimidation that could be brought to bear on GALs by those parents and children who may take issue with any or all of the GAL’s actions or recommendations” (id., 219 Wis at 434, 580 NW2d at 296).
On the other hand, the Wisconsin court recognized that it is necessary “to prevent and punish abuse, misconduct, and irresponsibility on the part of a GAL” (id.). However, the court concluded that, “from a public policy perspective, it is better to have a diligent, unbiased, and objective advocate to assist the court in determining and protecting the best interests of the child than it is to assure that the minor child may later recover damages in tort” (id.).
Moreover, the court recognized that mechanisms, other than civil liability, existed to prevent improper conduct on the part of a guardian ad litem. For example, since guardians ad litem *535 are required to be attorneys, they are subject to the Rules of Professional Responsibility. In addition, the court is not bound by the guardian ad litem’s recommendation. Finally, the appointing court has the authority to remove and replace the guardian ad litem (see, id.; see also, State ex rel. Bird v Weinstock, supra; Ward v San Diego County Dept. of Social Servs., supra).
Turning now to a consideration of the plaintiffs claims in the case at bar, this court finds and concludes as follows:[5]
The policies favoring immunity clearly apply to the claims set forth in paragraphs “2,” “3,” “4,” “5,” “8,” “10” and “12.” All of those claims apparently concern defendant’s conduct directly relating to the performance of his duties as law guardian in the Family Court proceeding, and the threat of civil liability for such conduct should not be available to inhibit defendant from any necessary investigation and advocacy on behalf of the children in furtherance of their best interests. Moreover, to the extent that any of those claims are true, alternative remedies are or were available to plaintiff, including filing a complaint with the Committee on Professional Standards, requesting the appointing judge to discharge defendant as law guardian and appealing the decision of the Family Court Judge. Thus, defendant has immunity with respect to those claims.
While this court finds that the policies favoring immunity do not extend to the remaining claims, which concern allegedly criminal conduct and/or conduct constituting an intentional tort, it also concludes that plaintiff has failed to state a cognizable cause of action for damages. Specifically, reviewing those claims in a manner most favorable to plaintiff (see, Szczerbiak v Pilat, 229 AD2d 977), the court notes that there is no common-law cause of action for harassment (see, CBS Inc. v Arcane Visuals, 156 Misc 2d 665, 667), annoyance, intimidation or perjury and that the only statutes that exist are criminal statutes. Plaintiff has also failed to plead the necessary elements of a cause of action for intentional infliction of emotional distress (see, Howell v New York Post Co., 81 NY2d 115, 121; Freihofer v Hearst Corp., 65 NY2d 135, 143), negligence (see, Pulka v Edelman, 40 NY2d 781) or defamation (see, 2 NY PJI 157 [2001 Supp]). Furthermore, the remedy for any alleged violation of an order of the Greene County Family Court is to petition that court for appropriate relief. Thus, plaintiffs complaint must be dismissed as to those claims, as well.
*536 Finally, with regard to defendant’s request for sanctions, the court notes that 22 NYCRR 130-1.1 (a) provides that “[t]he court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court * * * costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney’s fees, resulting from frivolous conduct as defined in this Part. In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part * * Frivolous conduct is defined as conduct which “is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law * * * is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or * * * asserts material factual statements that are false” (22 NYCRR 130-1.1 [c] [1], [2], [3]).
Notwithstanding the determination that plaintiffs complaint should be dismissed, because the issues raised in this case have not previously been addressed by the courts of this state, this court finds that commencement of the action was not frivolous as defined above (see, Bluntt v O’Connor, supra).
Based upon the foregoing, defendant’s motion to dismiss the complaint is hereby granted and defendant’s request for sanctions is denied.

. The court notes that no information has been provided in the instant matter regarding the ages of the children in question.

. The allegations are paraphrased, except where directly quoted.

. It is presumed that Ms. Bradt is plaintiffs former wife.

. This court notes that the Appellate Division, Fourth Department, recently held that a parent lacks standing to sue a court-appointed law guardian for legal malpractice, either on the parent’s own behalf or on behalf of the child because the parent had an adverse interest to the child’s interest and was not, herself, in privity with the law guardian (see, Bluntt v O’Connor, supra; see also, Winchester v Little, 996 SW2d 818 [Tenn]). Additionally, this court notes that, notwithstanding its determination of Bluntt on the basis of a lack of standing, the Fourth Department wrote a well-reasoned and thorough opinion, addressing the issue of law guardian immunity, which included a review of many of the same decisions referred to herein.

. Numbers refer to numbered claims listed hereinabove.