MARILYN B. LEWITTES, Respondent, v DAVID LEWITTES, Appellant. [770 NYS2d 297]—

Order, Supreme Court, New York County (Joan Lobis, J.), entered December 3, 2002, which, to the extent appealed from as limited by the brief, granted those portions of plaintiff's motion and the cross motion of law guardian Kenneth David Burrows, Esq. that sought an order (1) directing defendant to refrain from deducting monthly common charges from his maintenance payments to plaintiff; (2) directing defendant to pay his share of the children's tuition for the 2002-2003 school year; (3) directing defendant to refrain from interfering with plaintiff's exercise of her authority as sole decision-maker with respect to matters concerning the children and from informing third parties that plaintiff does not have such sole decision-making authority; and (4) directing that defendant pay his 75% share of the law guardian's fees in the amount of $7,703.38, unanimously affirmed, without costs.

Plaintiff in this enforcement proceeding claims that defendant has continually interfered with her exclusive authority under the parties' stipulation of settlement, incorporated but not merged into their divorce judgment, to make decisions respecting the parties' children, and the appealed order directs defendant to refrain from such interference. Contrary to defendant's appellate argument, the stipulation of settlement does not evince any agreement by the parties to share custody of the children. Indeed, the parties agreed that plaintiff was to have "sole custody" of the children. That the stipulation provides for prior consultation between the parties on matters concerning the children and for submission of parental disputes over such matters to a law guardian, does not detract from plaintiff's authority under the stipulation as the ultimate decision maker.

Under the clear and unambiguous terms of the stipulation, defendant was properly directed to pay his 75% share of the children's 2002-2003 school tuition and to pay maintenance, without deductions for common charges, on the former marital apartment. In addition, having, pursuant to the stipulation, appointed Kenneth David Burrows as the children's law guardian in postjudgment proceedings, the court was clearly authorized to award Mr. Burrows legal fees without requiring him to commence a plenary action. The award to Mr. Burrows was proper notwithstanding the absence of a hearing upon his fee request, no hearing having been requested by defendant, who raised no complaint respecting the reasonableness of Mr. Burrows' fees or the need for his services (*see Isaacs v Isaacs*, 297 AD2d 608 [2002]). Concur—Nardelli, J.P., Tom, Andrias, Rosenberger and Friedman, JJ.