**David I. LEWITTES, Plaintiff–
Appellant,**

v.

**Joan LOBIS, Kenneth David Burrows,
Bender, Burrows & Rosenthal, L.L.P.,
Defendants–Appellees.**

No. 05–2219.

United States Court of Appeals,
Second Circuit.

Jan. 26, 2006.

Joel Lewittes, New York, NY, for Appellant.

Patrick J. Walsh, Assistant Solicitor General (Michael S. Belohlavek, Senior Counsel, Division of Appeals and Opinions, Eliot Spitzer, Attorney General of the State of New York), New York, N.Y. for defendant-appellee Joan Lobis, of counsel.

Hilary B. Miller, Greenwich, CT for defendants-appellees Kenneth David Burrows and Bender, Burrows & Rosenthal, L.L.P.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. PIERRE N. LEVAL, and Hon. ROBERT D. SACK, Circuit Judges.

*AMENDED SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Lewittes asserts the instant claim against Lobis, Burrows, and Burrows's law firm for conspiring or acting jointly to deny Lewittes's constitutional rights through Lobis's adjudication of several motions, which Lewittes contends Lobis lacked jurisdiction to decide.

A state court judge is not subject to a suit for damages for actions relating to the exercise of his or her judicial functions, unless the judge acted in the clear absence of jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam). We think it clear in this case that Lobis did not act in the clear absence of jurisdiction. *See Luisi v. Luisi,* 6 A.D.3d 398, 400, 775 N.Y.S.2d 331 (2d Dep't 2004) ("The defendant was not required to institute a plenary action, as he was seeking to enforce, rather than to modify the terms of the parties' stipulation of settlement which was incorporated but not merged in the judgment of divorce."). In this case, the court's August 19 Judgment of Divorce explicitly retained jurisdiction for purposes of enforcement. Lobis's orders were also in compliance with the New York Supreme Court's Operations Manual, which makes clear that a matrimonial matter is not marked disposed until both the judgment of divorce is granted and all ancillary issues are decided.[1] Lobis is therefore entitled to absolute immunity.

---

1. We also note that the New York courts have already decided that Lobis's award of Burrows's fees was proper. *See Lewittes v. Lew-* *ittes,* 2 A.D.3d 295, 296, 770 N.Y.S.2d 297, 298–99 (1st Dep't 2003). Because the issue of jurisdiction was "actually and necessarily de-

Similarly, whether as a "law guardian" or guardian ad litem, Burrows and his firm are also entitled to quasi-judicial immunity. *See Bluntt v. O'Connor,* 291 A.D.2d 106, 108, 737 N.Y.S.2d 471, 472–73 (4th Dep't 2002); *Bradt v. White,* 190 Misc.2d 526, 740 N.Y.S.2d 777 (2002).

Finally, because the Defendants have not raised frivolous defenses, the District Court properly denied Plaintiff's motion for sanctions.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.

cided" in that proceeding and Lewittes was afforded a "full and fair opportunity" to litigate there, he is estopped from relitigating

jurisdiction before this Court. *See Colon v. Coughlin,* 58 F.3d 865, 869 (2d Cir.1995).