Joseph YAPI, Plaintiff–Appellant,

v.

Tatyana V. KONDRATYEVA, Boris Averbourgh, Jared Berliner, Helen Pundurs, Carol Sherman, Carole P. Levi, Stewart Weinstein, Martin Karopkin, Debra Silber, Defendants–Appellees.*

No. 07–4800–cv.

United States Court of Appeals, Second Circuit.

July 10, 2009.

Joseph Yapi, pro se.

David Lawrence, III, Barbara D. Underwood, Office of the Attorney General of

* The Clerk of Court is directed to amend the official caption as indicated.

the State of New York. Janet I. Neustaetter, Children's Law Center, Brooklyn, NY, for Defendants–Appellees.

PRESENT: DENNIS JACOBS, Chief Judge, CHESTER J. STRAUB, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Joseph Yapi, *pro se*, appeals from an order of the United States District Court for the Southern District of New York (Chin, *J.* ), denying his motion for reconsideration of the district court's judgment dismissing his complaint *sua sponte*. We assume the parties' familiarity with the facts and procedural history.

We review an appeal from the denial of a motion for reconsideration for an abuse of discretion. *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir.2004). A motion for relief from a judgment is generally not favored and is granted only upon a showing of exceptional circumstances. *Id.* "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995).

■ Under the *Rooker–Feldman* doctrine, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 84 (2d Cir.2005). The *Rooker–Feldman* doctrine precludes our review of state court decisions when all four of the following conditions exist:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must "complain[ ] of injuries caused by [a] state-court judgment[.]" Third, the plaintiff must "invit[e] dis-

trict court review and rejection of [that] judgment[ ]." Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced"—*i.e.*, *Rooker–Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

*Hoblock*, 422 F.3d at 85 (alterations in original) (footnote omitted) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). The *Rooker–Feldman* doctrine applies here: Yapi lost in state court both in the original proceedings in family court and on appeal; his complaint sought redress for injuries arising out of these decisions; Yapi alleged that the state court proceedings were final before commencement of this case; and his complaint sought review of the state court proceedings, which he alleged were based on prejudice and falsehoods. Appellant's claims therefore were properly dismissed under the *Rooker–Feldman* doctrine.

■ Moreover, any potential 42 U.S.C. § 1983 claims against Kondratyeva, Averbourgh and Berliner fail, because they are private citizens generally not subject to § 1983 liability. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 323–24 (2d Cir.2002). Although "[a] private individual may be subject to liability under this section if he or she willfully collaborated with an official state actor in the deprivation of the federal right," *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir.1993), Yapi fails to allege any facts that would establish collaboration between these individuals and the state actors, *see Ciambriello*, 292 F.3d at 324. The Supreme Court has explained that "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980); *see also*

*Dahlberg v. Becker,* 748 F.2d 85, 92–93 (2d Cir.1984). In addition, the state court judges named as defendants were entitled to absolute immunity. *See Fields v. Soloff,* 920 F.2d 1114, 1119 (2d Cir.1990) ("A judge defending against a section 1983 suit is entitled to absolute immunity from damages for actions performed in his judicial capacity. Moreover, a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." (citations, alterations, and internal quotation marks omitted)). And the law guardian and her director were entitled to quasi-judicial immunity. *See, e.g., Bluntt v. O'Connor,* 291 A.D.2d 106, 116–19, 737 N.Y.S.2d 471 (4th Dep't), *lv. denied,* 98 N.Y.2d 605, 746 N.Y.S.2d 279, 773 N.E.2d 1017 (2002); *Bradt v. White,* 190 Misc.2d 526, 528–36, 740 N.Y.S.2d 777 (Sup.Ct. Greene Cty.2002).

We have reviewed appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED.**