OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The finding by the courts below that the initial stop of defendant by the police was justified presents a mixed question of law and fact which is beyond the review powers of this court if the evidence at the hearing supported the determination made by the lower courts
 
 (People v Harrison,
 
 57 NY2d 470, 477;
 
 People v Wharton,
 
 46 NY2d 924, 925).
 

 The evidence adduced at the hearing indicated that the arresting officers, while on routine patrol in an unmarked car in The Bronx, observed defendant running from the 196th Street train station carrying a white shopping bag and looking back over his shoulder several times. Defendant was further observed running south on Grand Concourse, trying to gain entrance to one apartment building, and failing that, continuing on to the next building where he pushed several doorbells in an attempt to gain entrance. There was also evidence that the officers were informed by the superintendent of the building that he did not recognize the defendant as a tenant. Although each factor, standing alone, could be susceptible to an innocent interpretation, a view of the entire circumstances indicates that the officers entertained a reasonable suspicion that the defendant had committed a crime in the subway and was attempting to flee. The initial stop of defendant was based on reasonable suspicion and, therefore, the Appellate Division order should be affirmed.
 

 
 *631
 
 Chief Judge Wachtler and Judges Jasen, Meyer, Simons and Kaye concur; Judge Alexander taking no part.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.