■ In the Matter of ELIANNE M., Also Known as ELIZABETH ANN M., Appellant, and Another, Children Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF

NEW YORK et al., Respondents. [601 NYS2d 481] —Order, Family Court, Bronx County (Cira Martinez, J.), entered on or about February 8, 1993, which denied the application of the Law Guardian to be relieved and denied the application of the child Elianne M. to permit the law firm of Sullivan & Liapakis to be substituted as counsel, unanimously reversed, on the law, the Law Guardian's application to be relieved is granted and the law firm of Sullivan & Liapakis is substituted as counsel, and the matter is remitted to the Family Court for further proceedings, without costs.

The Family Court erred in denying the Law Guardian's motion to be relieved and the child's application for substitution of counsel. Family Court Act §§ 241 and 249 (a) specifically provide for representation of a child by counsel of his or her own choosing. Children are entitled to counsel of their choice because it is their interests that are at stake *(see, Matter of Fargnoli v Faber,* 105 AD2d 523, *appeal dismissed* 65 NY2d 631).

The Law Guardian's role is to provide assistance of counsel to help protect the interests of minors who are the subject of Family Court proceedings and "to help them express their wishes to the court" (Family Ct Act § 241; *see also, Matter of Scott L. v Bruce N.,* 134 Misc 2d 240, 242). Where, as here, both the Law Guardian and the teenage child have explicitly expressed their failure to communicate, the child has indicated her lack of trust in her appointed representative, her fear that this representative will not effectively communicate her wishes to the court and her belief that the Law Guardian has been influenced by her adoptive mother, the proper course was to relieve the Law Guardian and permit substitution of counsel of the child's choosing. Concur—Milonas, J. P., Rosenberger, Rubin and Nardelli, JJ.