■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL CUMMINGS, Appellant. [616 NYS2d 43] —Judgment, Supreme Court, New York County (Renee White, J., at pre-trial hearing; Angela Mazzarelli, J., at trial and sentence), rendered February 13, 1992, convicting defendant, after jury trial, of robbery in the second degree and grand larceny in the fourth degree, and sentencing him to concurrent terms of 5 to 10 years and 2 to 4 years, respectively, unanimously affirmed.

It was a permissible intrusion for the officer to have called out for the defendant to stop, based upon reasonable suspicion provided by his flight from the bank with money in his hand, his continued glances over his shoulder, his entry into a vestibule to remove sunglasses and a hat, and his placing money in his knapsack *(see, People v Evans,* 65 NY2d 629). In addition, the defendant's flight after the officer's call for him to stop was properly viewed as an escalating factor, justifying continued pursuit, and the ensuing *Terry* stop *(see, People v Leung,* 68 NY2d 734). The officer's call to the defendant in these circumstances, was not an impermissible seizure *(see, People v Bora,* 83 NY2d 531).

Finally, defendant's argument before the Hearing Judge that "the search and seizure of [his] person violated his reasonable expectation of privacy" was insufficient to preserve

for this Court's review the issue of whether a bag moved out of the defendant's grabbable area, while conducting a proper *Terry* stop, could lawfully be searched approximately between 10 and 20 minutes later, at the scene, incident to a lawful arrest *(People v Smith,* 59 NY2d 454). In addition, the pursuing officer observed defendant briefly stop in a building vestibule and stuff the cash proceeds of the robbery into his knapsack. Under the circumstances the police had an obligation to safeguard this property without delay. Concur—Murphy, P. J., Wallach, Kupferman and Williams, JJ.