■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANN B. FRANKLIN, Appellant. [654 NYS2d 645] —Appeal by the defendant, as limited by her motion, from a sentence of the County Court, Westchester County (Murphy, J.), imposed February 18, 1994, upon her conviction of manslaughter in the first degree, upon her plea of guilty.

Ordered that the sentence is affirmed.

The rules of this Court provide a summary procedure for bringing on an appeal "[w]here the only issue to be raised on appeal concerns the legality, propriety, or excessiveness of sentence" (22 NYCRR 670.12 [c]). The issue now raised by the defendant, concerning her entitlement to jail time credit for the time she was subject to electronic home monitoring while on bail and awaiting disposition of her case, is not properly before us on an appeal from a sentence. Mangano, P. J., Rosenblatt, Ritter, Santucci and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NIKOLAI GECETCHKORI, Appellant. [654 NYS2d 643] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mastro, J.), rendered October 12, 1994, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

An employee timesheet pertaining to the defendant's alibi witness was properly admitted into evidence under the business record exception to the hearsay rule (see, CPLR 4518 [a]; People v Kennedy, 68 NY2d 569, 579-580).

The defendant's remaining contention that a gun retrieved from the scene of the shooting was the fruit of an illegal warrantless search was not preserved for appellate review and we decline to reach it in the exercise of our interest of justice jurisdiction (see, People v Cummings, 207 AD2d 657). Rosenblatt, J. P., Ritter, Copertino and Krausman, JJ., concur.