OPINION OF THE COURT
Allen Albert, J.
This matter is before the court for decision with respect to the one part of respondent mother’s motion upon which I reserved decision; that is, respondent mother’s request on *388 behalf of the subject child Amkia that I relieve Vanessa Cherena as Amkia’s Law Guardian.
Having interviewed Amkia in chambers, and having given all counsel an opportunity to obtain the transcript of that interview, I now deny the respondent mother’s motion for an order removing Ms. Cherena as Amkia’s Law Guardian.
The in-chambers interview of Amkia was enlightening in a number of respects. First and foremost, Amkia made it abundantly clear that she loves her mother very much; that she did not and does not want to be separated from her; and that she wants to go home to live with her mother without any further delay.
Amkia said that she is dissatisfied with Ms. Cherena because she does not feel that Ms. Cherena is working hard enough to obtain Amkia’s prompt return to her mother. She is of the opinion that if Ms. Cherena had been working diligently and strenuously toward that goal, she, Amkia, would have been home with her mother by now. Amkia said that if Ms. Cherena were to take the position that she should be returned home to her mother right away, and if Ms. Cherena were to work hard to obtain that result, she would want Ms. Cherena to remain as her Law Guardian.
When asked by the court whom she would want to represent her as her Law Guardian if the court were to remove Ms. Cherena, Amkia replied that she did not know and that she did not have anybody in mind. Amkia also said that if the court were to replace Ms. Cherena with a different Law Guardian and that new Law Guardian were to take the same position as Ms. Cherena presently takes, she, Amkia, would be as dissatisfied with that new Law Guardian as she is with Ms. Cherena.
Amkia said that she does not know why Ms. Cherena is taking her present position but even if she were to find out that Ms. Cherena is taking her present position because Ms. Cherena feels that it is necessary to protect her health, that would not change Amkia’s position about Ms. Cherena remaining as her Law Guardian because, in Amkia’s words, “She is my lawyer and what I want she is supposed to fight for.” Amkia could not understand how returning now to her mother might endanger her health because at the present time she is feeling fine.
Amkia’s love for her mother and her awareness of her mother’s love for her blind her to the possibility that her return at this juncture to her mother might endanger her health *389 because she cannot accept that her mother — even unintentionally or mistakenly — might not make sure that she receives the treatment that medical doctors believe is necessary to preserve her health. Finally, Amkia indicated that no matter what might happen to her medically, she wants to go home to her mother.
In a proceeding under Family Court Act article 10, the Family Court is required to appoint a Law Guardian to represent the subject child if independent representation is not available to that child. (See, Family Ct Act § 249 [a]; § 1016.) If the child is able to obtain independent legal representation, she is free to obtain such counsel of her own choosing. (See, Family Ct Act §§ 241, 249 [a].) In any event, a child is entitled to effective representation by her Law Guardian, whether that person is appointed by the court or obtained by the child. (See, Matter of Jamie TT., 191 AD2d 132, 136 [3d Dept 1993].)
Looked at through the prism of these governing principles, the issue for me to decide in determining this application is a rather narrow one — whether Ms. Cherena is effectively representing Amkia. Here, unlike the situation in Matter of Elianne M. (196 AD2d 439 [1st Dept 1993]), a case cited in support of the instant application, the child is not being denied substitution of counsel of her own choosing since Amkia has no idea whom she might want to represent her if the court were to relieve Ms. Cherena. That Amkia is only 10 years old; that Ms. Cherena has clearly expressed Amkia’s wishes to the court; and that in the instant matter it is the respondent mother’s application to relieve the Law Guardian further distinguish this case from Elianne M.
Over the course of the past approximately one and one-half years, this court has observed Ms. Cherena on an almost daily basis as a Law Guardian and has come to know her as an extremely conscientious, dedicated, caring and capable attorney. In this particular case, the court must resolve whether a Law Guardian who represents a 10-year-old child in an article 10 proceeding can effectively represent her client when she advocates a position at odds with the child’s expressed wishes. Based on a review of the applicable statutes, case law, and the Code of Professional Responsibility, this court answers that question in the affirmative as it pertains to the particular facts and circumstances of this case.
A Law Guardian who represents a 10-year-old child in an article 10 proceeding unquestionably has a dual role — not only as an advocate for, but also as the guardian of, the subject *390 child. (See generally, Family Ct Act § 241; Matter of Rebecca B., 227 AD2d 315 [1st Dept 1996]; Matter of Dewey S., 175 AD2d 920, 921 [2d Dept 1991]; Marquez v Presbyterian Hosp., 159 Misc 2d 617, 623-624 [Sup Ct, Bronx County 1994]; Code of Professional Responsibility EC 7-11, EC 7-12.) Thus, in her role as Law Guardian for a 10-year-old child, a Law Guardian may properly attempt to persuade the court to adopt a position which, in the Law Guardian’s independent judgment, would best promote the child’s interest, even if that position is contrary to the wishes of the child. This is especially true where the child, as is Amkia, is afflicted with a chronic, debilitating and life-threatening illness. It is even more true where that child, as here, appears to have little comprehension of the severity and complexity of her disease or of the precariousness of her situation if she is not provided with proper medical care. Amkia is an intelligent and poised young girl. But she is still a young child, and as such she lacks the sophistication, experience and maturity to decide for herself what is in her best interest in the complicated medical predicament in which she finds herself.
Thus, by expressing to the court Amkia’s preference to reside with her mother, but advocating that in her opinion, based on the totality of the facts known to her at this time, it is in Amkia’s best interest to remain in the custody of the Commissioner of Social Services in order to be assured that Amkia receives what she believes to be necessary and proper medical care, Ms. Cherena’s representation of Amkia is clearly within the ambit of appropriate and effective representation by a Law Guardian. Because Ms. Cherena has thus far effectively represented Amkia, good cause for her discharge has not been established.
Moreover, because Amkia does not know whom she would want to represent her if this court were to relieve Ms. Cherena, the task of selecting new counsel for Amkia would fall upon the court. (See, Family Ct Act § 249 [a]; § 1016.) Based upon the facts presently known to the court, the probability is that any attorney who accepted the court’s assignment would take a position no different from Ms. Cherena’s. The court thus sees no useful purpose in substituting counsel at this stage of the proceedings. Indeed, in all likelihood, all such substitution *391 would do is further delay the fact-finding hearing in a case that, much to the court’s frustration, has already taken far too long to resolve.
Accordingly, the application to relieve Ms. Cherena is denied.