■ In the Matter of CASSANDRA R., by Next Friend, CHILDREN's RIGHTS INITIATIVE, INC., Appellant, v JOHN E. FLEMMA, as Oneida County Family Court Hearing Officer, et al., Respondents. [703 NYS2d 792] —Appeal unanimously dismissed without costs. Memorandum: Petitioner appeals from a judgment denying her petition pursuant to CPLR 7803 (2), which sought to prohibit respondents from denying her the right to be represented by counsel of her own choosing in matters pending in Family Court, thereby exceeding their jurisdiction and authority. Petitioner was 15 years old when she appeared in Family Court with counsel of her own choosing on two matters. One was a family offense proceeding brought by petitioner against her father, and the other was a custody proceeding in which her aunt sought custody of her. Respondents refused to permit petitioner's counsel to represent petitioner in those proceedings and appointed a Law Guardian for her.

We note that Supreme Court's decision indicated the court's belief that petitioner's choice of counsel should be honored; however, the court properly determined that it was without authority to issue a writ of prohibition that would require Family Court to permit counsel of petitioner's choosing to represent petitioner.

Petitioner thereafter was represented by the Law Guardian in the Family Court proceedings, which were concluded during the pendency of this appeal. Therefore, this appeal is moot. Contrary to petitioner's contention, this case does not present an exception to the mootness doctrine; whether a writ of prohibition is an available remedy to enforce the right to counsel of one's choosing is not a novel issue (see, Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715). The extraordinary remedy of prohibition does not lie "even if [an] alleged error of constitutional dimension may be involved * * * because the removal of counsel would be reviewable upon direct appeal" (Matter of Lipari v Owens, 70 NY2d 731, 733). We note, however, that the Family Court Act "specifically provide[s] for representation of a child by counsel of his or her own choosing" (Matter of Elianne M., 196 AD2d 439, 440; see, Family Ct Act §§ 241, 249 [a]), and the record does not reflect a valid basis for denying petitioner that right (see, Matter of Bryan v Singer, 234 AD2d 631, 633; cf., Matter of Fargnoli v Faber, 105 AD2d 523, 524, appeal dismissed 65 NY2d 631, mot to vacate denied 65 NY2d 783). (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—CPLR art 78.) Present—Green, A. P. J., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.