Matter of David D. (2004 NY Slip Op 51753(U))

[*1]

Matter of David D.

2004 NY Slip Op 51753(U)

Decided on November 19, 2004

Family Court, Suffolk County

Freundlich, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 19, 2004

Family Court, Suffolk County
In the Matter of David D., A Person Alleged to be a Juvenile Delinquent, Respondent.
E-18904-04

ADA Keri Herzog, Esq.
District Attorney's Office
400 Carleton Ave.
Central Islip, NY
John Holownia, Esq.
County Attorney's Office
400 Carleton Ave.
Central Islip, NY
James O'Rourke, Esq.
235 Brooksite Drive
Hauppague, NY

David Freundlich, J.
By petitions filed on October 22, 2004 the Presentment Agency charges the respondent with acts which, if committed by an adult, would constitute the crimes of: Aggravated Sex Abuse in the First Degree, in violation of PL 130.70, a class B designated felony; Attempted Aggravated Sex Abuse in the First Degree, in violation of PL 110/130.70, a class C felony; Sex Abuse in the First Degree, in violation of PL 130.65, a class D felony; and Endangering the Welfare of a Child, in violation of PL 260.10, a class A misdemeanor. It is alleged that the respondent, David D., from December 2003 through August 2004 engaged in various sexual acts with his younger brother, as well as three of his brother's friends. The parents of the respondent have retained Mr. James O'Rourke, Esq. to represent their son, David, in this proceeding. Mr. O'Rourke acknowledges that he has spoken with one of the victims, specifically the younger brother of the respondent, in the presences of the parents, regarding the allegations and has otherwise referred the child to a medical provider. The court has subsequently appointed a law guardian for the younger brother.
The issue the court must now address is whether the continued representation of the respondent by Mr. O'Rourke amounts to a conflict of interest thereby infringing on the respondent's right to independent counsel. The Presentment Agency contends that given the circumstances of the parents split loyalties between their two sons (as the alleged perpetrator and the victim), the attorney's representation may be colored by the conflicting loyalties to his client and that of the parents. The Presentment Agency now [*2]seeks to have the court appoint an attorney for the respondent. The application was joined by the Assistant District Attorney. In further support of the request, the law guardian for the alleged victim similarly expresses his concern regarding the divided loyalties of the parents. He also contends that under the specific facts of this case, the parents may indeed be possible subjects to a future neglect proceeding which would further heighten the appearance of a conflict of interest.
In opposition, the respondent, his parents, and counsel vehemently deny the existence of any conflict of interest. Counsel specifically argues that the source of his fee does not in of itself amount to a conflict. Counsel fully acknowledges the parents dual role with respect to each of their children. He contends that the parents fully cooperated with the police in this matter in furtherance of the alleged victim's protection, and similarly provide their son with an attorney to defend his individual interests. In reliance on the 6th Amendment right to counsel, Mr. O'Rouke, is requesting that the court permit him to continue his representation of the respondent on this matter. 
APPLICABLE LAW
It is well established that the constitutional right to counsel is a right to the effective assistance of counsel, meaning the reasonably competent assistance of an attorney acting as a diligent, conscientious advocate with undivided loyalty throughout the critical stages of a criminal proceeding.(see Cuyler v. Sullivan, 446 US 335; Glasser v US, 315 US 60). Accordingly it has been held that the right to the effective assistance of counsel may be impaired where counsel represents interests which may be in conflict with those of the defendant.(see, People v. McDonald, 68 NY2d 1, rearg, dismissed, 69 NY2d 724; People v Gomberg, 38 NY2d 307[1975]). There is no material difference with respect to the right of counsel, between adult and juvenile proceedings in which an adjudication of delinquency is sought. Accordingly a child charged as a juvenile delinquent is entitled to the same constitutional rights and must be afforded counsel at each stage of the proceeding.(FCA 741; In re Gault, 387 US 1 [1967]).
In reaching a determination on the issue presently before the court, a careful balance of two opposing considerations flowing from the same constitutional protection must be taken into account. The fundamental right of an accused in a criminal proceeding to the assistance of counsel is guaranteed by both the Federal and State Constitutions, as well as by State statute.(US Const., 6th Amdt; NY Const., Art I Section 6; CPL 210.15(2)). Such right may be substantially impaired where one lawyer simultaneously represents conflicting interests. This is most obvious involving situations involving joint representation of multiple defendants.(Glasser v. US, supra.). However, joint representation, standing alone is not a per se denial of effective assistance of counsel.(People v Gonzalez, 30 NY2d 218, 34, cert den 409 US 859). A conflict only arises when the individual defenses "run afoul of each other".(People v Gonzalez, supra., at p 34).
Initially it is defense counsel's burden to recognize the existence of a potential [*3]conflict of interest(People v Lloyd, 51 NY2d 107, 111; People v Gomberg, at pp 313-314; see, Code of Professional Responsibilities EC 5-16, 5-19; DR 5-105[C]); however, the prosecutor is also obliged to alert the court when he or she possesses knowledge of facts from which an apparent conflict can be inferred. (People v Mattison, 67 NY2d at p 469). The court further owes a duty independent of counsel, to protect the right of an accused to effective assistance of counsel where such right balanced against the right to retain counsel of one's choice may run afoul when a retained attorney is involved in an apparent conflict.(Id. At 468). Once a conflict is established, the court need not calculate the precise degree of prejudice to a defendant in order to find a violation of his 6th Amendment right to counsel. 
Under FCA 241 minors who are the subject of family court proceedings should be represented by counsel of their own choosing or by law guardians. The court must act to ensure that independent legal representation is provided so that the best interests of the child are served. FCA 320.2(2) specifically provides that: "[A]t the initial appearance the court must appoint a law guardian to represent the respondent pursuant to the provisions of section two hundred forty-nine if independent legal representation is not available to such respondent."(emphesis added). The family court on its own motion may make such appointment. (FCA 249).
The appointment of law guardians have long been viewed as a necessity to protect the interests of the children that appear before the court. These interests can differ significantly from those of one or both parents. Accordingly, the parents are not permitted to waive the appointment of a Law Guardian.(Miller v. Miller, 220 AD2d 133 [3rd Dept., 1996]; Blank v. Blank, 124 AD2d 1010 [4th Dept., 1986]). In addition, in child protective proceedings initiated against the parents or in which they are an interested party due to the appearance of a possible conflict of interest and the danger of an actual conflict is too great to tolerate, parents cannot retain counsel to represent their child. In Fargnoli v. Faber, 105 AD2d 523, 524 [ 3rd Dept., 1984] appeal dismissed 65 NY2d 631, mot. to vacate denied 65 NY2d 783, the court held:
Parents may not, however, retain counsel for their children
or become involved in the representation of their children
because of the appearance or possibility of a conflict of interest
or the likelihood that such interference will prevent the children's
representation from being truly independent.
However, this cannot be interpreted as a complete prohibition against a parent retaining counsel for their his or her child in proceedings where there is neither the appearance nor the possibility of a conflict of interest. 
Under the specific facts of this case, counsel's continued representation of the respondent presents a circumstance somewhat different form the simultaneous or successive representations usually associated with conflict of interest analysis. The [*4]conflict arises not from competing loyalties to clients past or present. Rather, it is based upon the attorney's ostensible allegiance to the respondent's parents who have an inherent conflict in their dual role as the parents of the alleged victim and the perpetrator coupled with the attorney's interview with the victim in the presence of the parents.
The right to effective counsel guarantees not only meaningful representation but the assistance of counsel that is "conflict-free and singlemindedly devoted the client's best interests".(People v Longtin, 92 NY2d 640, 644 [1998], cert. denied, 526 US 1114 [1999]). That right is impaired when the attorney represents interests which are actually or potentially in conflict with those of the accused.(People v. McDonald, 68 NY2d 1,8 [1986](an attorney's representation of both a defendant charged with arson and the corporation whose building he is alleged to have damaged and whose corporate officer gives testimony tending to prove his guilt involves a conflict of interest depriving the defendant of the effective assistance of counsel); People v Mattison, 67 NY2d 462, 469-70 [1986](attorney may not represent a defendant where a star prosecution witness was a co-defendant whose plea was negotiated by a partner in the same firm); People v Lombardo, 61 NY2d 97, 102-103[1984])(the court recognized the potential conflict in defense counsel's representation of a defendant accused of a usurious loan scheme when he had previously represented the victim of the scheme who served as the prosecution's chief witness); Matter of Delfin A., 123 AD2d 318 [2nd Dept., 1986]( juvenile was deprived of effective assistance of counsel during a delinquency proceeding by conflict of interest arising from the fact that counsel had been retained by residential facility, where juvenile had been voluntarily placed in foster care and where the alleged incident of sexual abuse occurred, to represent the facility in proceedings against the juvenile at which it was expected that employees of the facility would testify).
While the court is unaware of any decision directly on point, an analogous fact pattern in People v Stewart, 126 AD2d 943 [4th Dept., 1987] is persuasive. In Stewart, the defendant was convicted of second degree murder. The victim was found dead in an apartment which the defendant shared with his brother. Several days after the murder an attorney contacted the police and informed them that the father of the alleged perpetrator had information regarding the homicide. As a result the police, accompanied by the attorney, spoke to the father who told the police that his son admitted to him that he had killed the deceased. The defendant was subsequently arrested and the attorney, now acting as defendant's counsel, advised the defendant not to make any statements. At trial the father was the chief prosecution witness. He testified at trial that he came forward with the information as he was afraid for other members of the family and wanted the defendant to get help because he believed his son was sick.
In reversing the defendant's conviction, the Appellate Court held that the attorney's representation of both the chief prosecution witness, the defendant's father, and the defendant presented an actual conflict of interest from which prejudice must be [*5]presumed. The court further explained that the nature of the conflict was established by contrasting the defendant's interest in his acquittal with his father's stated reasons for initially contacting the attorney, the police and for testifying. The father's interest was in securing medical help for his son and in distancing himself and the rest of the family from the defendant. Also significant in the court's determination was the nature and character of counsel's cross-examination of the father. The court stated:
An attorney's decision whether and how best to impeach
the credibility of a witness to whom he ...owe[s] a duty of
loyalty necessarily place[s]s [the attorney] in a very awkward
position, where prejudice to [defendant] need not be
precisely delineated but must be presumed(citing People v.
Gomberg, 38 NY2d 307; People v. McDonald, 68 NY2d 1).
Under the facts of the case the attorney never impeached the father, instead, the defense was to explain away the damaging admissions as a part of the defendant's psychological illness. The court further held that it was immaterial to determining whether a conflict of interest existed that the defense was in the defendant's best interest.
Similarly the court finds that present counsel for the respondent is in the same precarious situation. The respondent's interest is to obtain an acquittal of these charges. Clearly the respondent's parents have a duty to the respondent in providing counsel to aggressively defend their son against these serious allegations. This is buttressed on the competing interests of the parents to protect the alleged victim from any possible future harm and their desire to obtain the necessary help for the respondent. To further complicate the matter, counsel for the respondent has interviewed the younger brother of the respondent, a victim of the alleged offense in the presence of the parents.
Counsel's representation of the accused is clearly undermined by the conflicting interests of each of the parties. The parents, as well as the victim, certainly have an interest in the outcome of this proceeding which may differ significantly from that of the respondent. The attorney's decision whether and how to best impeach the credibility of the County's witness, specifically the respondent's younger brother, who was the main victim of this abuse, may be hampered by the attorney's allegiance to the respondent's parents. Indeed the court cannot ignore the dangers inherent in such cross-examination when considering the respondent's fundamental right to effective assistance of counsel.
The court further finds that the respondent's acknowledgment of any waiver of possible conflict of interest and right to counsel (see, People v Gomberg, 38 NY2d 307) is invalid. Although one accused of a crime, including a minor, may intelligently and knowingly waive the right to counsel, courts are increasingly reluctant to accept such waivers unless make with sufficient awareness of relevant circumstances and probable [*6]consequences.(In re Lawrence S. 29 NY2d 206 [1971]). In light of all the above facts and circumstances of this case, the court finds that the waiver of any possible conflict of interest was neither knowing nor intelligent.

The court refuses to adopt a bright-line rule necessitating the appointment of a court ordered law guardian in every delinquency proceeding where a parent is the custodian of both the victim and the alleged juvenile perpetrator. However, under the specific facts of this case, there is sufficient evidence to cast doubt on whether present retained counsel can provide truly independent legal representation. Clearly the unique circumstances surrounding this case demonstrate, at a minimum, the appearance of a possible conflict of interest, which may infringe upon the independent representation to which the respondent is entitled. Such appearance warrants the prudent decision to remove present counsel, Mr. O'Rouke, from this matter and substitute the Law Guardian Bureau to represent the respondent.
Dated: November , 2004
 Central Islip, New York
___________________________
 Hon. David Freundlich
Pursuant to section 1113 of the family court act, an appeal must be taken within thirty days of receipt of the order by appellant in court, thirty-five days from the mailing of the order to the appellant by the clerk of the court, or thirty days after service by a party or law guardian upon the appellant, whichever is earliest.