Matter of B.M. (2007 NY Slip Op 50813(U))

[*1]

Matter of B.M.

2007 NY Slip Op 50813(U) [15 Misc 3d 1123(A)]

Decided on April 11, 2007

Family Court, Orange County

Currier Woods, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through April 20, 2007; it will not be published in the printed Official Reports.

Decided on April 11, 2007

Family Court, Orange County
In the Matter of B.M.
NA-6506-06

Lori Currier Woods, J.
The presentment agency filed on 12/31/06 an abuse / neglect petition regarding the subject child B.M. now age fourteen. The respondent Shaun M. is the child's mother, whereas the respondent Glen H. is the mother's boyfriend / fiancee who until very recently lived with the mother and child. According to the petition, the allegations of abuse regarding respondent Glen H. pertain to incidents during July and September 2006 when he allegedly touched the child's breasts and in August 2006 her vaginal area. The respondent Shaun M. allegedly failed to protect the child in that she allowed the respondent Glen H. to sleep in close proximity to the child despite the fact that she was made aware of the sexual abuse allegations. A criminal action is pending.
A Law Guardian was assigned to represent the child prior to the first appearance date of 1/10/07 pursuant to Family Court Act, § 1016. Thereafter, the Law Guardian as well as a privately retained attorney on behalf of the child, A.J., Esq., appeared for the subsequent conference date of 2/15/07. The Court was unaware up until this point that an attorney had been retained to represent the child. The parties briefly argued the issue on the record, including the respondent mother's attorney who vigorously advocated for representation of the child by A.J., Esq. At the conclusion of this appearance, the Court stated that it would not recognize the appearance of A.J., Esq. on behalf of the child and that the Law Guardian would continue in her capacity for the child. The Court directed that A.J., Esq. place in writing his position and make any motions with respect to his representation of the child should he see fit to do so. However, in the meantime the Law Guardian and a case worker (who had previously been unable to speak with the child either at all or alone with her) would be permitted to speak to her and without A.J., Esq. being present.
[*2]
A.J., Esq. filed the instant motion on 3/21/07. He is requesting that this Court vacate its determination rendered from the bench on 2/15/07 so as to allow him as retained counsel to represent the child as a witness in the abuse / neglect proceedings. Notably, he is careful to say that he would not be appearing in the capacity of a Law Guardian. The presentment agency filed an Affirmation in Opposition to his request on 4/5/07.
The Court is very troubled by this application. Children in Family Court proceedings can be represented by counsel of their own choosing. Family Court Act, § 241, § 249. However, the Family Court Act also establishes a system of Law Guardians for minors who require the assistance of counsel to help protect their interests and to help them express their wishes to the court. FCA § 241, § 1016. A parent cannot waive the appointment of a Law Guardian. Miller v. Miller, 220 AD2d 133 (3rd Dept. 1996).
Often, in Family Court matters the interests of the child differ significantly from those of one or both parents. This is especially true in the case at bar which involves a child protective proceeding. The child is alleged to be the victim of sexual abuse perpetrated by the mother's boyfriend / fiancee. The mother and boyfriend / fiancee have denied the allegations contained in the petition. The respondents are motivated to mount a vigorous defense; however, the respondents are also the parents of the alleged victim.
Even in the context of custody litigation between parents, it has been recognized that a Law Guardian privately retained by one parent creates an "unacceptable actual or ostensible bias in favor" of that party. Davis v. Davis, 269 AD2d 82 (4th Dept. 2000). It is unknown who has paid for the services of A.J., Esq. Nevertheless, in a child protective proceeding like this the mere appearance of a possible conflict of interest and the danger of an actual conflict is too great to tolerate so as to allow a parent to retain counsel for their child in such a proceeding. Fargnoli v. Farber, 105 AD2d 523 (3rd Dept. 1984) ap dis. 65 NY2d 631 (1985) mot. to vacate den. 65 NY2d 783 (1985).
The conference on 2/15/07 showed that the child is inordinately aware of both the Criminal and Family Court proceedings. It is very troubling that a fourteen year old child would have such keen insight as to how her statements have been interpreted or misinterpreted by those investigating the incidents of sexual abuse described in the petition to the extent that she believes independent counsel is necessary on her behalf. Although A.J., Esq. states that the respondents did not retain his services on behalf of the child, other family members are not ruled out. The child can obviously not afford his services on her own. The Court is very concerned about even the appearance that his representation is not absolutely independent of any influence from either respondent. La Bier v. La Bier, 291 AD2d 730 (3rd Dept. 2002) lv dis. 98 NY2d 671 (2002).
It is also unclear what role A.J., Esq. would play in this litigation as counsel for the child as a witness. The Law Guardian is the child's attorney and responsible for representing the child's wishes as well as for advocating for the child's best interest. To carve out an exception to the Law Guardian's representation of the child would undermine the Law Guardian's overall ability to carry out her independent role in these proceedings. There is no evidence that the child is unsatisfied with the Law Guardian's representation of her. See, Matter of Elianne M., 196 AD2d 439 (1st Dept. 1993). Indeed, the Law Guardian is well versed and experienced in difficult matters such as the one presently before the Court. On the other hand, A.J., Esq. is not a member of Law Guardian Panel, Second Department. See, NY Ct. Rules § 679.
A.J., Esq. represented the child as a witness in the criminal proceedings, but this [*3]representation does not automatically extend to the Family Court matter. It is this Court's experience that a child can be subjected to undue stress and pressure to change his or her story because so often allegations such as those in the petition can destroy a family. The Court is in no way implying that either respondent has pressured the child to do so, but in order to insure that her best interests are protected neutral and independent counsel appointed by the Court namely the Law Guardian shall represent her for purposes of this matter. Therefore, it is hereby
ORDERED that the application of A.J., Esq. to appear as retained counsel on behalf of the child as a witness in these proceedings is denied.
This is the decision and order of the Court.
Dated:4/11/07
Goshen, New York
ENTER:________________________________________
HON. LORI CURRIER WOODS
FAMILY COURT JUDGE