■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GERARD, Appellant. [942 NYS2d 112]—

Judgment, Supreme Court, New York County (Laura A. Ward, J., at suppression hearing; Juan M. Merchan, J., at plea and sentencing), rendered September 14, 2010, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of eight years, unanimously reversed, on the law, defendant's suppression motion granted, and the indictment dismissed.

It was a permissible intrusion for the investigating officer to have approached defendant to ask him whether he was carrying a weapon and whether he was all right, based upon his founded suspicion that criminality was afoot, derived from (1) defendant's presence in a "drug-prone and gun-prone" location at approximately 2:45 A.M., (2) the weighted-down appearance of the left side of defendant's unzipped jacket; (3) defendant's change in course after he noticed the police officers, in which he made a hard left turn, quickened his pace and hugged the building line, with the weighted side of his coat very close to the wall; (4) defendant's act of blading his body towards the wall as the investigating officer neared, i.e., turning his shoulders so as to use the wall to shield his weighted-down pocket; (5) the bulge in defendant's weighted-down pocket; and (6) defendant speaking into a phone in a fast cadence (*see People v Rodriguez*, 207 AD2d

669 [1994], *lv denied* 84 NY2d 939 [1994]; *People v Niles*, 237 AD2d 537 [1997], *lv denied* 90 NY2d 861 [1997]). "Although each factor, standing alone, could be susceptible to an innocent interpretation, a view of the entire circumstances" gave the officer a founded suspicion that criminality was afoot, which invoked the common-law right to inquire (*see People v Evans*, 65 NY2d 629, 630 [1985]). However, the officer's level of suspicion was not elevated to a reasonable suspicion that defendant was involved in a felony or misdemeanor, as required for a stop and frisk, when defendant turned his left shoulder towards the officer, stated unresponsively that he did not have any drugs on him, continued to talk on his cell phone, and attempted to block the officer's hand as the officer reached towards his pocket to feel the pocket bulge (*see People v Hollman*, 79 NY2d 181, 185 [1992]; *People v Samuels*, 50 NY2d 1035, 1037 [1980], *cert denied* 449 US 984 [1980]; *People v Madera*, 189 AD2d 462, 467-468 [1993], *affd* 82 NY2d 775 [1993]). Defendant was entitled to engage in an "immediate, spontaneous and proportionate" reaction to the seizure that was illegal because it was not based on reasonable suspicion (*see People v Felton*, 78 NY2d 1063, 1065 [1991] [internal quotation marks omitted]).

On appeal, the People argue that, even in the absence of reasonable suspicion, the officer's act of reaching out to touch the bulge was permissible as a self-protective minimal intrusion within the scope of a common-law inquiry (*see e.g. People v Chin*, 192 AD2d 413 [1993], *lv denied* 81 NY2d 1071 [1993]). This argument is unpreserved, because at the suppression hearing the People contended only that the frisk was supported by reasonable suspicion. Furthermore, the hearing court did not deny suppression on that ground, and since the issue was not determined adversely to defendant, we may not reach it on appeal (*see* CPL 470.15 [1]; *People v Concepcion*, 17 NY3d 192, 194-195 [2011]; *People v Santiago*, 91 AD3d 438, 439 [2012]). Concur—Andrias, J.P., Sweeny, Moskowitz, Freedman and Manzanet-Daniels, JJ.