# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**928**

**KA 11-01336**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

TYRELL D. SIMMONS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered April 26, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and one count of criminal possession of a weapon in the third degree (§ 265.02 [1]). Contrary to defendant's contention, Supreme Court properly determined that the police had probable cause to arrest him. The record establishes that defendant was observed crossing a street by two police officers who were part of a six-member tactical unit patrolling a high-crime area in three vehicles. One officer testified that he observed that the right front pocket of defendant's sweatshirt hung "dramatically lower" than the left front pocket and that there was a "large object" protruding from the right pocket. The officer further testified that, based upon his training and experience, he believed that defendant had a weapon. Before the officer exited his vehicle, he made eye contact with defendant, who cupped his hand around his right pocket, "bladed his body" away from the officer at a 45-degree angle, and walked diagonally away from the vehicle into a yard. When the officer exited his vehicle, he addressed defendant by stating that he wanted to talk to him "for a minute," and defendant began to run. After taking two steps, defendant pulled an object from the right pocket of his sweatshirt, which the officer observed was a dark object, and threw it. The officer testified that he "heard a distinct metal sound clanging as [the object] hit the ground." At that point,

the officer began to run and, when he observed that the object on the ground was indeed a gun, he continued to pursue defendant.  The weapon was secured by another officer of the tactical unit, and defendant was apprehended by a third officer of the unit.

Although each of defendant's actions, " 'standing alone, could be susceptible to an innocent interpretation, a view of the entire circumstances' gave the [police] a founded suspicion that criminality was afoot, which invoked the common-law right to inquire" (*People v Gerard*, 94 AD3d 592, 593 quoting *People v Evans*, 65 NY2d 629, 630).  The officer's observation of the weapon on the ground, along "with the attendant circumstances, gave rise to the requisite reasonable suspicion justifying police pursuit" (*People v Brown*, 67 AD3d 1439, 1440, *lv denied* 14 NY3d 798).  When the police recovered the weapon that defendant had abandoned, they had probable cause to arrest him (*see People v Martinez*, 80 NY2d 444, 448-449; *People v Salamone*, 61 AD3d 1400, 1401, *lv denied* 12 NY3d 929; *People v Holland*, 221 AD2d 947, 948, *lv denied* 87 NY2d 922).

By failing to renew his motion to dismiss the indictment at the close of proof, defendant failed to preserve for our review his contention that the evidence is not legally sufficient to support the conviction (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678; *People v Mills*, 93 AD3d 1198, 1199, *lv denied* 19 NY3d 964).  In any event, that contention is without merit.  Defendant was observed by police discarding what was determined to be an operable weapon outside of his home or place of business (*see* Penal Law § 265.03 [3]), and section 265.15 (4) "provides that '[t]he possession by any person of any . . . weapon . . . is presumptive evidence of intent to use the same unlawfully against another' person" (*People v Galindo*, 23 NY3d 719, 722).  We have reviewed the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), and we conclude, contrary to defendant's contention, "that an acquittal would have been unreasonable based upon the weight of the credible evidence presented at trial, and thus the verdict is not against the weight of the evidence" (*People v Kreutter*, 121 AD3d 1534, 1535-1536; *see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to preserve for our review his contention that the indictment is multiplicitous (*see* CPL 470.05 [2]; *People v Quinn*, 103 AD3d 1258, 1258, *lv denied* 21 NY3d 946).  In any event, that contention lacks merit inasmuch as each count of criminal possession of a weapon in the second degree "requires proof of an additional fact that the other does not" (*People v Jefferson*, 125 AD3d 1463, 1464, *lv denied* 25 NY3d 990 [internal quotation marks omitted]; *see generally Galindo*, 23 NY3d at 721-722).  Defendant failed to object to the court's *Sandoval* ruling and thus failed to preserve for our review his contention that the court abused its discretion in permitting the People to use at trial defendant's two prior misdemeanor convictions (*see People v Tolliver*, 93 AD3d 1150, 1151, *lv denied* 19 NY3d 968), and we decline to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Defendant failed to object to any of the remarks by the prosecutor during summation, which

he contends improperly vouched for the credibility of the People's witnesses, and thus failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct (*see People v Cotto*, 106 AD3d 1534, 1534). In any event, defendant's contention is without merit inasmuch as the prosecutor's remarks were a fair response to defendant's summation (*see id.*).

We reject defendant's contention that defense counsel's failure to renew the motion to dismiss the indictment at the close of proof, or to object to the *Sandoval* ruling and to the allegedly improper remarks of the prosecutor during summation, deprived him of meaningful representation. It is well established that "[a] defendant is not denied effective assistance of . . . counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287). Finally, the sentence is not unduly harsh or severe.

Entered: November 20, 2015                    Frances E. Cafarell
                                              Clerk of the Court