Matter of Eliezer G.

2026 NY Slip Op 02060

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Eliezer G., a Person Alleged to be a Juvenile Delinquent, Appellant. Presentment Agency.

Decided and Entered: April 07, 2026

Docket No. D-5795/24|Appeal No. 6303|Case No. 2025-02219|

Before: Scarpulla, J.P., Friedman, Shulman, Rodriguez, Rosado, JJ.

Twyla Carter, The Legal Aid Society, New York (John A. Newbery of counsel), for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Jeremy W. Shweder of counsel), for Presentment Agency.

[*1]

Order, Family Court, Bronx County (Cynthia Lopez, J.), entered on or about December 10, 2024, which adjudicated appellant a juvenile delinquent upon his admission that he committed an act that, if committed by an adult, would constitute the crime of criminal possession of a firearm, and placed him on probation (level 2) for a period of 12 months, unanimously affirmed, without costs.

The court properly denied appellant's motion to suppress the firearm recovered from beneath a dumpster, as his abandonment of the gun was not "coerced or precipitated by unlawful police activity" (People v Ramirez-Portoreal, 88 NY2d 99, 110 [1996]). There is no basis to disturb the court's credibility determinations (see People v Prochilo, 41 NY2d 759, 761 [1977]; People v Williams, 287 AD2d 396, 396 [1st Dept 2001], lv denied 97 NY2d 734 [2002]).

The evidence presented at the suppression hearing supported the court's finding that the police had reasonable suspicion to pursue and stop appellant (see People v Martinez, 80 NY2d 444, 446 [1992]). Two public safety officers who had been assigned to patrol an area because of a recent surge in firearms-related crimes noticed appellant's "hyperaware" demeanor, which included nervously looking up and down the street and furtively adjusting his jacket pocket (see People v Dumbuya, 142 AD3d 922, 922-923 [1st Dept 2016], lv denied 28 NY3d 1072 [2016]; People v Allen, 42 AD3d 331, 332 [1st Dept 2007], affd 9 NY3d 1013 [2008]). As the officers' vehicle passed appellant, they observed that he had a heavy, weighted bulge in his jacket pocket with a distinctive "rectangular" shape that they believed, based on their training, indicated the presence of a gun (see People v Bowman, 222 AD3d 538, 540 [1st Dept 2023], lv denied 41 NY3d 942 [2024]). When the officers turned the car around and approached appellant, he immediately fled with his hand on the jacket pocket and made hand motions that suggested he was discarding an object. Under these circumstances, the officers' pursuit and stop of appellant was justified (see People v Evans, 65 NY2d 629, 630 [1985]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026